MORROW ET AL., APPELLEES, *v.* FAMILY & COMMUNITY SERVICES OF CATHOLIC CHARITIES, INC.; WHITE ET AL., APPELLANTS.

IN RE MORROW, A.K.A. WHITE.

[Cite as Morrow *v.* Family & Community Serv. of Catholic Charities, Inc. (1986), 28 Ohio St. 3d 247.]

(Nos. 85-1427 and 86-72—Decided December 26, 1986.)

*Gerald B. Graham,* for appellees and appellants, Rhonda Morrow and Theodore Toles III.

*Teodosio, Cherpas & Manos, Alexander E. Teodosio* and *Barry M. Ward,* for appellants and appellees Marilyn and Elmo S. White.

*Murphey, Young & Smith, David J. Young* and *William Douglas Lowe,* urging reversal for *amicus curiae,* Catholic Conference of Ohio in case No. 85-1427.

*Per Curiam.* The primary issue presented by these appeals is whether the final order of adoption entered by the Summit County Probate Court on April 11, 1985 is valid. We hold that it is valid and, accordingly, affirm the decision of the Court of Appeals for Summit County and reverse the decision of the Court of Appeals for Portage County.

The natural parents, Morrow and Toles, aver that the final order of adoption entered by the Summit County Probate Court is void because a required consent to adopt was not before the probate court.

R.C. 3107.06 provides in relevant part:

"Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"(A) The mother of the minor;

"(B) The father of the minor, if the minor was conceived or born while the father was married to the mother, if the minor is his child by adoption, or if the minor has been established to be his child by a court proceeding;
* * *"

R.C. 3107.08 provides in relevant part: "(A) The required consent to adoption may be executed at any time after seventy-two hours after the birth of a minor, and shall be executed in the following manner: * * * (3) If by any other person except a minor, in the presence of the court *or in the presence of a person authorized to take acknowledgments;* * * *" (Emphasis added.)

In the instant action, a written consent was executed on October 13, 1982[5] by Morrow and Toles, the mother and father of the minor child, in the Portage County Juvenile Court. (See Appendix.) Persons authorized to take acknowledgments in Ohio include a clerk or judge of a court of record. See R.C. 5301.01. All of the divisions of the court of common pleas are courts of record. *Johnson* v. *State* (1884), 42 Ohio St. 207. The consent was properly executed by the proper parties.

We now find it necessary to address the issue of whether the consent of the natural parents was valid. Morrow and Toles argue that the consent is invalid because it was not executed voluntarily. The Summit County Probate Court and court of appeals found that consent was freely given by the natural parents. We agree. The standard for determining the validity of consent and how that consent may have been affected by duress or undue influence was addressed in *In re Hua* (1980), 62 Ohio St. 2d 227, 231-232 [16 O.O.3d 270], citing *Tallmadge* v. *Robinson* (1952), 158 Ohio St. 333 [49 O.O. 206], as follows: " 'The real and ultimate fact to be determined in every case is whether the party affected really had a choice; whether he had his freedom of exercising his will.' " In the case at bar, the natural parents had attained the age of majority and had completed all but one semester of college. Adoption of the child had been considered even prior to its birth. Both parents were before a court of law and were fully aware of their rights to retain the child. They were also fully aware that by signing the consent form they were permanently surrendering their rights to the child. There is no evidence in the record that Morrow and Toles did not understand the consequences of their actions. The language of the consent form was clear. The circumstances therefore do not warrant a finding that the consent was signed involuntarily. The Court of Appeals for Summit County correctly held the consent to be valid. The consent had been filed with the probate court and was properly before that court under R.C.

---

[5] The decision in *Morrow* v. *Family & Community Services of Catholic Charities, Inc.* (Sept. 9, 1985) states: "This court again reitterates [*sic*] that in its case no. 1376, *supra,* the issue of whether or not there was a valid and voluntary consent under the procedures set forth in R.C. 5103.15 was not expressly presented to this court in that appeal, nor did the court's mandate apply to this duality aspect of the proceedings obtaining before the trial court in this matter. This court's mandate involved a review only of the questions related to the procedure involved in the trial court's determination that the child was found by the trial court to be dependent/neglected, and its ensuing order divesting the petitioners here of all parental rights and privileges, and placing the minor child in the permanent custody of the defendant-respondent Catholic Charities for purposes of placement for adoption."

3107.05(B)[6] when it entered the final order of adoption. Accordingly, we find that the Summit County Probate Court did not lack subject matter jurisdiction of this matter and hold that the final order of adoption entered by that court is valid.

We must now address the September 9, 1985 decision of the Court of Appeals for Portage County. That decision sustained a writ of habeas corpus ordering the minor child to be returned to his natural mother. The basis of that decision was that the consent signed by Morrow and Toles on October 13, 1982 was invalid and, therefore, the Summit County Probate Court lacked subject matter jurisdiction when it entered the final order of adoption. Having affirmed the above decision of the Court of Appeals for Summit County holding the required consent to be valid, this court finds that there is no basis upon which the Court of Appeals for Portage County could attack the Summit County Probate Court order and issue the writ. The probate court did not lack subject matter jurisdiction when it entered the final order of adoption on April 11, 1985.

For the reasons herein stated, we hold that the final order of adoption entered by the Summit County Probate Court on April 11, 1985 is valid and, accordingly, affirm the decision of the Court of Appeals for Summit County and reverse the decision of the Court of Appeals for Portage County.

*Judgment reversed in case No. 85-1427.*
*Judgment affirmed in case No. 86-72.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. The majority's holding, that the "Acknowledgment, Waiver and Consent" which Morrow and Toles signed pursuant to the now vacated dependency and neglect action could stand as an independent consent sufficient to grant the probate court jurisdiction to proceed with the adoption, contravenes the mandate of R.C. 3107.06.[7] Therefore, I must respectfully dissent.

---

[6] R.C. 3107.05(B) states:

"A certified copy of the birth certificate of the person to be adopted, if available, and ordinary copies of the required consents, and relinquishments of consents, if any, shall be filed with the clerk."

[7] R.C. 3107.06 provides as follows:

"Unless consent is not required under section 3107.07 of the Revised Code, a petition to

Provisions authorizing adoptions are purely statutory, and strict compliance with them is necessary. *Lemley* v. *Kaiser* (1983), 6 Ohio St. 3d 258, 260. Consent of the natural parents is the keystone of the adoption statute. "Any exception to the requirement of parental consent must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re Schoeppner* (1976), 46 Ohio St. 2d 21, 24 [75 O.O.2d 12]. See, also, *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361. The consent of the natural mother and acknowledged father is required unless they have voluntarily relinquished their parental rights pursuant to R.C. 5103.15 or their parental rights have been terminated by the juvenile court. A court is without jurisdiction to render an order of adoption absent proper consent. See *In re Ramsey* (1956), 164 Ohio St. 567 [58 O.O. 431].

It is argued that since Morrow and Toles' parental rights had been

---

adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"(A) The mother of the minor;

"* * *

"(C) Any person or agency having permanent custody of the minor or authorized by court order to consent;

"* * *

"(F) Subject to division (B) of section 3107.07 of the Revised Code, the putative father, if he:

"(1) Is alleged to be the father of the minor in proceedings brought under Chapter 3111. of the Revised Code at any time before the placement of the minor in the home of the petitioner;

"(2) Has acknowledged the child in a writing sworn to before a notary public at any time before the placement of the minor in the home of the petitioner;

"(3) Has signed the birth certificate of the child as informant as provided in section 3705.14 of the Revised Code;

"(4) Has filed an objection to the adoption with the agency having custody of the minor or the department of public welfare at any time before the placement of the minor in the home of the petitioner, or with the probate court or the department of public welfare within thirty days of the filing of a petition to adopt the minor or its placement in the home of the petitioner, whichever occurs first."

R.C. 3107.07 provides in part that consent is not required of any of the following people:

"(B) The putative father of a minor if the putative father fails to file an objection with the court, the department of public welfare, or the agency having custody of the minor as provided in division (F)(4) of section 3107.06 of the Revised Code, or files an objection with the court, department, or agency and the court finds, after proper service of notice and hearing, that he is not the father of the minor, or that he has willfully abandoned or failed to care for and support the minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first;

"(C) A parent who has relinquished his right to consent under section 5103.15 of the Revised Code;

"(D) A parent whose parental rights have been terminated by order of a juvenile court under Chapter 2151. of the Revised Code; * * *"

Appellants assert that the "Acknowledgment, Waiver and Consent" signed in the dependency and neglect proceedings is not proper consent to an adoption and that the document's legal existence ceased when the judgment of October 13, 1982 was vacated.

terminated pursuant to the dependency and neglect proceeding, their consent to an adoption was not required at the time the adoption petition was filed in the Summit County Probate Court. Thus, the adoption petition properly stated that consent would be provided by Catholic Charities. However, Morrow and Toles challenged the dependency and neglect judgment, and it was vacated by the Eleventh Appellate District subsequent to the filing of the adoption petition, but before the final order of adoption was granted. Since this entry was vacated, Catholic Charities no longer had any legal authority to consent to the adoption.

Because the adoption could not proceed without a consent, the Summit County Probate Court substituted the "Acknowledgment, Waiver and Consent," which Morrow and Toles had signed in the now vacated dependency and neglect action, for the Catholic Charities consent, and found that it was an affirmative parental consent to the adoption.

The "Acknowledgment, Waiver and Consent" was signed pursuant to the dependency and neglect proceedings. Although it mentioned adoption as a potential consequence of the permanent termination of parental rights, it was *not* an independent consent. In fact, the dependency and neglect action was filed precisely because Morrow failed to sign an affirmative adoption consent. The Eleventh Appellate District necessarily vacated the "Acknowledgment, Waiver and Consent" when it vacated the dependency and neglect entry. Since it became a legal nullity, it could not subsequently be used as an affirmative consent to adoption.

Furthermore, since Morrow and Toles filed the Civ. R. 60(B) motion seeking to vacate the dependency and neglect action before the adoption petition was filed, they obviously did not consent to the adoption at the time the petition was filed or at the time the adoption was granted. Therefore, since the authority for Catholic Charities to consent to the adoption was vacated prior to the final order of adoption, and the natural parents never consented at any time during the adoption proceedings, there was obviously no valid consent to the adoption. I believe that the Summit County Probate Court erred in holding that the "Acknowledgment, Waiver and Consent" was valid consent for the adoption.

Adoption permanently terminates all parental rights and responsibilities of the natural parents. R.C. 3107.15(A)(1). Thus, valid consent is needed to protect the rights of the natural parents. See *In re Adoption of Holcomb, supra; In re Hua* (1980), 62 Ohio St. 2d 227 [16 O.O.3d 270]. Adoption also creates the relationship of parent and child between the adopting parent and the child. R.C. 3107.15(A)(2).

I am not insensitive to the fact that the posture I have taken would put at risk that relationship between the child and the only parents the child has ever known. However, the majority decision will in my view open the door to a substantial flow of litigation attacking the underlying premises noted above.

For the foregoing reasons, I respectfully dissent.

# APPENDIX

STATE OF OHIO  )
                )SS
PORTAGE COUNTY )

IN THE JUVENILE COURT

CASE NO.  82-400

IN THE MATTER OF:

STEPHEN M. MORROW

ACKNOWLEDGEMENT

WAIVER AND CONSENT

Now comes the undersigned and acknowledges;

1. The reading of the Complaint.

2. That the Complaint is fully understood.

3. Being advised of the right of an attorney or the appointment of an attorney in these proceedings if indigent.

4. That the statements contained in the Complaint are true.

The undersigned hereby waives;

1. The right to have an attorney present.

2. The right of notice of summons as provided by Law.

The undersigned hereby consents;

1. To the jurisdiction of this Court.

2. To the immediate disposition of the matters contained in the Complaint.

3. To the Permanent Surrender of the care, custody, and control of the minor named in the Complaint to the Court.

4. To the placement of the minor named herein with a person or authorized agency approved by this Court for the temporary care, custody, and control for any purpose, including the placement for adoption.

5. To the relinquishment of this Court's jurisdiction to another Court having jurisdiction for the adoption of said minor.

_____
                Father

_____
                Mother

Wittness:

_____