MCGINTY, APPELLANT, *v.* JEWISH CHILDREN'S BUREAU, APPELLEE.

[Cite as McGinty *v.* Jewish Children's Bureau (1989), 46 Ohio St. 3d 159.]

(No. 88-1857—Submitted August 15, 1989—Decided October 25, 1989.)

*John L. Wolfe, Edward M. Graham* and *Nancy Grim,* for appellant.

*Chattman, Garfield, Friedlander & Paul* and *Douglas J. Paul,* for appellee.

*Per Curiam.* The primary question before the Summit County Court of Appeals in case No. 13926, the appeal involving Sharon's request to revoke her consent, was whether Sharon had executed a knowing and voluntary surrender. That question is also at the heart of the instant case, as parental consent to an adoption order is the jurisdictional prerequisite which, if absent, allows the order to be attacked as void in a habeas corpus proceeding. See *In re Ramsey* (1956), 164 Ohio St. 567, 571, 58 O.O. 431, 434, 132 N.E. 2d 469, 473; *Manning* v. *Miami Cty. Children's Services Bd.* (1985), 18 Ohio St. 3d 211, 212-213, 18 OBR 273, 275, 480 N.E. 2d 770, 772; *Morrow* v. *Family & Community Serv. of Catholic Charities, Inc.* (1986), 28 Ohio St. 3d 247, 252, 28 OBR 327, 331, 504 N.E. 2d 2, 5-6.

As a result, Sharon raises three arguments here that were also urged to obtain our review of case No. 13926. The first argument common to both cases is that she was denied equal protection because former R.C. 5103.15 (see 140 Ohio Laws, Part I, 1791, 1836) allowed private state-certified adoption agencies to secure parental consent to a permanent surrender of child custody without court approval, whereas R.C. 5153.16(B) requires juvenile court approval when the permanent custody of a child is being transferred to a county children services board or department of human services. (R.C. 5103.15[B][1], as amended effective January 1, 1989, now requires court approval for both public and private permanent surrenders of custody, except when a child less than six months old is being surrendered to a private agency.) The second argument is that she was denied due process because her surrender of Brian's custody was not knowing and voluntary and was not accomplished with court supervision, and because she was discouraged from seeking legal counsel beforehand. The third argument is that the permanent surrender is invalid because the bureau did not fully comply with administrative regulations requiring it (1) to make sure she thoroughly understood her legal rights, (2) to explore other reasonable and less drastic alternatives to adoption, and (3) to make sure that both parents agreed to the surrender.

In a fourth argument not made in

connection with case No. 13926, Sharon asserts that the Court of Appeals for Cuyahoga County denied her fundamental justice by holding a hearing on her habeas corpus petition so soon after it was filed. To this end, she complains that she did not have adequate time to prepare because she was only notified of the hearing date in writing that morning and because the record of the Summit County Probate Court hearing had not yet been transcribed. She also contends that the haste of the court's proceedings and the brevity of its opinion reflect an inattention to the gravity of her position, especially since her constitutional arguments were never addressed.

In paragraph two of the syllabus of *In re Hunt* (1976), 46 Ohio St. 2d 378, 75 O.O. 2d 450, 348 N.E. 2d 727, we held that:

"A writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of law." Accord *Beard* v. *Williams Cty. Dept. of Social Services* (1984), 12 Ohio St. 3d 40, 42, 12 OBR 35, 36, 465 N.E. 2d 397, 399.

As a practical matter, the relief requested in this case is identical to the relief Sharon sought in her action to revoke her consent to the permanent surrender of Brian's custody. It is therefore clear that a complete remedy was available to her in that case. Moreover, Sharon's position, with the exception of her argument regarding the nature of the proceedings below, has already received appellate review, the result of which was a final determination that she validly consented to the permanent surrender of her child. In *Morrow* v. *Family & Community Serv. of Catholic Charities, Inc., supra,* at 252, 28 OBR at 331, 504 N.E. 2d at 5-6, we found that once a final determination has been made that the parents validly consented to the adoption, that determination removes the basis for a habeas corpus attack on the ground that the court ordering the adoption lacked subject matter jurisdiction. Thus, it is also clear that the basis for Sharon's habeas corpus action no longer exists.

Sharon's action to revoke her consent and the review afforded her in that case thus gives us two related reasons for affirming the decision to deny her a writ of habeas corpus. The first is that she had a remedy in the ordinary course of law; the second is that by unsuccessfully pursuing that remedy, the foundation for her habeas corpus action was destroyed. Furthermore, we find that Sharon had a complete opportunity to present the three major arguments advanced in this case in the Summit County appeal. Therefore, Sharon has not been denied fundamental justice even if she was not given the same opportunity to present these arguments again before the lower court in this case.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.