## The STATE EX REL. LUNSFORD

v.

## BUCK, JUDGE.

[Cite as *State ex rel. Lunsford v. Buck* (1993), 88 Ohio App.3d 425.]

Court of Appeals of Ohio,
Meigs County.

No. 92 CA 486.

Decided June 29, 1993.

*Timothy J. Foran, Thomas R. McGuire, Anne S. Rubin, John Pembroke* and *Southeastern Ohio Legal Services,* for relator.[1]

*Steven L. Story,* Meigs County Prosecuting Attorney, and *George P. McCarthy,* Assistant Prosecuting Attorney, for respondent.

STEPHENSON, Judge.

This is an original action filed by relator June Lunsford seeking a writ of mandamus commanding respondent, Judge Robert E. Buck of the Meigs County Court of Common Pleas, to appoint counsel for relator in a child custody action commenced by relator in respondent's court.

Relator filed a "complaint in mandamus and request for alternate writ" on April 6, 1992. Respondent filed an answer and "memorandum in opposition to request for alternative writ." Pursuant to Loc.R. 3, Section 6 of the Fourth Appellate Judicial District, the parties filed an agreed statement of facts on September 3, 1992. The agreed statement of facts provides as follows:

1. Counsel for relator, Southeastern Ohio Legal Services, is representing relator solely on the issue of her right to appointed counsel.

"1. Relator June Lunsford is a 26 year old married resident of Meigs County, Ohio. Relator is married to Kenny Lunsford and has three children by that marriage, namely: Ryan, age 20 months, Joshua, age 3, and Kenny, age 4.

"2. Respondent Robert E. Buck is the duly elected and qualified Judge of the Meigs County Common Pleas Court, Probate and Juvenile Divisions.

"3. The child who is the subject matter of this custody action is Brittany Hayman, a minor born on April 19, 1987.

"4. The paternity of said minor child has never been established.

"5. On June 22, 1987 a complaint was filed in the Court of Common Pleas of Meigs County, Juvenile Division, under Case No. 25549 alleging the minor child Brittany Hayman to be a neglected/dependent child. A copy of the Complaint is attached as Exhibit 1.

"6. On July 10, 1987 the Relator permanently surrendered the minor child to her sister and brother-in-law Violet and John Hunnell. A certified copy of the Permanent Surrender is attached as Exhibit 2.

"7. Since the date of the permanent surrender the child has resided in the home of the Relator, the residence of Violet and John Hunnell as well as other relatives. The Affidavit of the Relator setting forth the various residences and dates of placement is attached as Exhibit 3. However, counsel for Respondent Judge Buck state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the attached Exhibit 3.

"8. On February 6, 1992 the Relator filed a Complaint for Custody Only in the Court of Common Pleas of Meigs County, Juvenile Division seeking custody of the minor child. A copy of said Complaint for Custody Only is attached as Exhibit 4.

"9. On the same date Relator filed a Motion for Appointment of Counsel.

"10. A copy of said Motion is attached as Exhibit 5.

"11. On March 31, 1992 Respondent Judge Buck denied appointment of counsel to the Relator. A copy of said Judgment Entry is attached as Exhibit 6.

"12. On April 6, 1992 the Relator filed a Complaint in Mandamus with this Court which is now pending."

 Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. R.C. 2731.01. It is well settled that in order to establish the right to a writ of mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested

act; and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 238, 594 N.E.2d 609, 611, at fn. 2; *State ex rel. Fant v. E. Cleveland Mun. Court Clerk* (1992), 62 Ohio St.3d 530, 531, 584 N.E.2d 721, 722; *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. See, also, *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 202, 614 N.E.2d 827, 829. Failure to show any one of these requisite factors will cause the petition to be denied.

We begin our analysis with a determination of the first factor, *i.e.,* whether relator has a clear legal right to appointed counsel. Juv.R. 4(A) and R.C. 2151.352 govern the right to appointed counsel in juvenile proceedings. Juv.R. 4(A) provides as follows:

"Right to Counsel; when arises. Every party shall have the right to be represented by counsel and *every* child, *parent,* custodian, or other person in loco parentis *the right to appointed counsel if indigent.* These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child." (Emphasis added.)

Similarly, R.C. 2151.352 provides:

"A child, *his parents,* custodian, or other person in loco parentis of such child is *entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him* pursuant to Chapter 120. of the Revised Code. * * *" (Emphasis added.)

In the case *sub judice,* relator was not denied appointed counsel on the basis of indigency, but rather because the court found that relator "voluntarily, on July 10, 1987, signed a Permanent Surrender of Child Affidavit divesting her of all vestiges of custody." In other words, the court found that relator was not a "parent," as that term is used in Juv.R. 4(A) (and R.C. 2151.352), and that she was therefore not entitled to appointed counsel.

The Meigs County Department of Human Services filed a complaint on June 22, 1987, alleging that relator's child, Brittany Nicole Hayman, was a neglected and dependent child for the reason that relator "fails to provide appropriate care and supervision for said child." On July 10, 1987, relator executed a "permanent surrender of child" requesting that her sister and brother-in-law, Violet and John Hunnell, take permanent custody and control of Brittany. On that same date, the court filed an entry terminating the temporary custody previously granted to the Meigs County Department of Human Services–Children's Services Division, and approving the permanent surrender.

In her complaint for mandamus, relator relies upon two decisions from this district, namely *Lowry v. Lowry* (1984), 48 Ohio App.3d 184, 549 N.E.2d 176, and *Wright v. Smith* (Jan. 19, 1989), Ross App. No. 1475, unreported, 1989 WL 4284. In both of these cases, this court stated that Juv.R. 4(A) and R.C. 2151.352 guarantee the right to appointed counsel for all indigent parties in juvenile court proceedings. See, also, Kurtz and Giannelli, Ohio Juvenile Law (2 Ed.1989) 141, Section 11.03.

In her brief, relator has abandoned the argument contained in her complaint in favor of an attack on the July 1987 permanent surrender of custody to the Hunnells. More specifically, relator urges that the permanent surrender is invalid and that custody of Brittany thus remains with her.[2] Relator argues, correctly, that under Ohio law, a permanent surrender of a child can only be granted to a public children services agency or a private child-placing agency. R.C. 5103.15 provides, in pertinent part, as follows:

"(B)(1) The parents, guardian, or other persons having the custody of a child may make an agreement with court approval surrendering the child into the permanent custody of a *public children services agency or private child placing agency* [.]" (Emphasis added.)

The juvenile court shall determine whether the permanent surrender is in the best interest of the child and may approve the permanent surrender if it is in the child's best interest. R.C. 5103.15(B)(2). See, also, Ohio Adm.Code 5101:2–42–02(RR), 5101:2–42–09 and 5101:2–42–091.

In the instant case, relator executed the form required in a permanent surrender, see R.C. 5103.15(C) and Ohio Adm.Code 5101:2–42–09, but where the word "agency" appeared on the printed form, it was crossed out and replaced with the hand-written word "relative." Written in the blank space provided for the name of the agency are the names "John & Violet Hunnell." Relator contends that because of this irregularity, the permanent surrender is invalid and custody of Brittany has remained with her. Relator asks this court for a ruling finding the same.

 Since juvenile courts were unknown at common law, they have no inherent, historical, or traditional power upon which to rely. The juvenile court in Ohio possesses only the jurisdiction that the General Assembly has expressly conferred upon it. See Section 4(B), Article IV, Ohio Constitution; *In re Gibson* (1991), 61 Ohio St.3d 168, 172, 573 N.E.2d 1074, 1077; *Linger v. Weiss* (1979), 57 Ohio St.2d 97, 11 O.O.3d 281, 386 N.E.2d 1354; 46 Ohio Jurisprudence 3d (1983)

---

2. In her reply brief, relator asserts that by virtue of the allegedly invalid disposition in the first custody action, custody of Brittany "reverts" to the Meigs County Department of Human Services, which previously had temporary custody of Brittany.

391, Family Law, Section 394. R.C. 2151.07 provides that "[t]he juvenile court has and shall exercise the powers and jurisdiction conferred in sections 2151.01 to 2151.99 of the Revised Code." R.C. 2151.23 governs the jurisdiction of the juvenile court, and provides in pertinent part as follows:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:

" * * *

"(9) To hear and determine * * * requests for court approval of permanent custody agreements, that are filed pursuant to section 5103.15 of the Revised Code[.]"

As noted above, R.C. 5103.15(B)(1) permits a permanent surrender only to a public children services agency or private child-placing agency. The General Assembly did not grant the juvenile court the jurisdiction to approve a permanent surrender to anyone other than those entities specified in the statute. Accordingly, the juvenile court was without jurisdiction to approve a permanent surrender to relator's relatives. It is well settled that any judgment rendered by a court without jurisdiction over the matter which is the subject of that action is void *ab initio*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus; *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606, paragraph one of the syllabus.

While we are unaware of any Ohio decision directly addressing this issue, we would point out that the Supreme Court of Ohio has held that an invalid consent to a permanent surrender is a jurisdictional defect, allowing a writ of habeas corpus to issue. See *Manning v. Miami Cty. Children's Serv. Bd.* (1985), 18 Ohio St.3d 211, 18 OBR 273, 480 N.E.2d 770; *Morrow v. Family & Community Serv. of Catholic Charities, Inc.* (1986), 28 Ohio St.3d 247, 28 OBR 327, 504 N.E.2d 2; *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 543 N.E.2d 776; *McGinty v. Jewish Children's Bur.* (1989), 46 Ohio St.3d 159, 545 N.E.2d 1272. Furthermore, under Ohio's statutory scheme for the placement of children further codified at R.C. 5103.16, the Supreme Court of Ohio has held that there must be strict compliance with the statutory criteria. *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 6 OBR 324, 452 N.E.2d 1304. The court stated that "[a]lthough R.C. 5103.16 is not part and parcel of the adoption statutes, it is in substance an adoption statute" and, as such, it is in derogation of the common law and must be strictly construed. *Lemley, supra*, at 260, 6 OBR at 326, 452 N.E.2d at 1307.

Based upon the foregoing, we find the court lacked subject matter jurisdiction to approve a permanent surrender to a relative under R.C. 2151.23 and 5103.15. Accordingly, the court's judgment was void *ab initio*, and custody of Brittany remains with relator. See *Marich, supra*, at the syllabus.

■ Returning now to the issue of whether relator is entitled to a writ of mandamus requiring respondent to appoint counsel for her representation in the custody action pending in the lower court, we must first determine whether relator has a clear legal right to the relief prayed for. Pursuant to Juv.R. 4(A), R.C. 2151.352 and our decisions in *Lowry* and *Wright, supra,* we answer that question in the affirmative. Relator is an indigent parent who is a party to a juvenile proceeding and as such is entitled to appointed counsel. We further find that respondent is under a clear legal duty to appoint counsel for relator, and that relator has no plain and *adequate* remedy in the ordinary course of the law. See *State ex rel. Bower v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116. See, also, *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137, 488 N.E.2d 883, 885. Accordingly, we grant the requested writ of mandamus.[3]

*Writ granted.*

HARSHA, P.J., and GREY, J., concur.

GREY, Judge, concurring.

I concur in the judgment which grants mandamus directing the appointment of counsel for petitioner. I believe, however, the majority is too broad and decides an issue which should not be decided at this point.

The majority opinion correctly points out that there appears to be a significant jurisdictional problem in the surrender entry in that it does not comply with R.C. 2151.23 or 5103.15. If this entry were an attempt at permanent surrender, I would concur with the majority opinion entirely.

I am not convinced, however, that that is what it was intended to be. Limited as we are to the stipulations and exhibits, we appear to have a neglect-dependency complaint and an entry placing the child with a relative. This may have been an attempt at disposition under R.C. 2151.353(A)(1). It may have been, as provided for in R.C. 5103.15(C), a stipulation as to the proper care of the child. It might even be some kind of paperwork error such as the use of the wrong form.

Whatever it was, it leaves an unresolved issue which ought to be considered by the juvenile court, and that means petitioner is entitled to have counsel appointed. But without knowing more about what initially transpired in the court below, I would reserve final judgment on the jurisdictional issue.

Thus, I concur in granting the writ of mandamus.

---

3. Due to the limited scope of our inquiry, we make no determination of the mootness of relator's pending juvenile court action for custody of Brittany.