OPINION
Appellant, Randall T. A. Gotham ("appellant"), appeals from the grant of Ronald Lee Tucker's petition to adopt appellant's natural daughter, Lauren. In reaching this decision, the trial court found appellant's voluntary plea to a criminal offense, in which he agreed to have no contact with the child for five years, did not justify his failure to communicate with his daughter.
Appellant and Wanda Denise Tucker married June 9, 1984. The only issue of the marriage, Lauren Marie, was born on June 11, 1987. The parties divorced August 18, 1988. Wanda married petitioner Ronald Tucker on November 2, 1991.
On July 24, 2000, Ronald Tucker filed a petition to adopt his step-daughter, Lauren. In the petition, Ronald Tucker alleged appellant's consent was not necessary for the adoption because appellant had failed to communicate or support Lauren without justifiable cause for at least one year. On August 18, 2000, appellant responded to the petition, denying his consent was unnecessary and arguing that any failure to communicate or provide for her maintenance was justifiable.
The following facts of this case are not in dispute. In 1994, the domestic relations court ordered that appellant have no contact with Lauren. Appellant has not seen the child since January 12, 1994. In 1995, appellant was convicted of one count of felonious sexual penetration and one count of gross sexual imposition. The victim of the crimes was appellant's daughter, Lauren. The trial court sentenced appellant to life in prison and ordered him to have no contact with his daughter. This court reversed appellant's conviction and remanded the matter for retrial. In 1998, appellant entered into a voluntary plea agreement, pleading guilty to three counts of gross sexual imposition. The terms of the plea agreement called for five years of intensive supervised probation, the first year being served as house arrest which prohibited appellant from leaving the house for any reason without a court order. Appellant was forbidden to have any contact with Lauren or her family during the five-year term of the probation. During his imprisonment, appellant did attempt to communicate with Lauren by sending cards until ordered to cease by the warden. During the one year preceding the filing of the adoption petition, appellant did not communicate or support his daughter.
On October 26, 2000, the trial court granted Ronald Tucker's petition to adopt Lauren. The trial court found appellant's voluntary agreement to house arrest and to the "no contact" provision of the plea agreement did not constitute justifiable cause for failing to communicate with Lauren. The court also considered the nature of the conduct underlying the plea agreement, involving the sexual molestation of the child to be adopted. The trial court did not reach the issue of whether appellant's failure to support was justifiable. Appellant has appealed from this judgment.
Appellant assigns the following error for review:
 "The trial court erred in determining that the natural father failed without justifiable cause to communicate with his daughter for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 In his sole assignment of error, appellant contends the trial court erred in determining his failure to communicate with Lauren was without justifiable cause. Appellant argues that he was prohibited by court order from contacting his child. Appellant points out that, prior to the plea agreement, he was also subject to an order from the domestic relations court prohibiting contact. Therefore, had appellant not voluntarily entered into the plea agreement, he still would have been under a "no contact" order by a court. Appellant further argues that his act of pleading guilty was not a tacit agreement to sever his parental rights permanently.
Generally, parental consent is a prerequisite to adoption. McGinty v.Jewish Children's Bur. (1989), 46 Ohio St.3d 159, 161. R.C. 3107.07(A) creates an exception to the parental consent requirement. The statute provides that consent to an adoption is not required if a parent, without justifiable cause, has failed to communicate with a child or to provide for the maintenance of the child for a period of at least one year. The exception to the consent requirement must be strictly construed in order to protect the rights of the natural parent. In re Adoption of Masa
(1986), 23 Ohio St.3d 163, 165. The law requires a complete absence of communication for the statutory provision to be satisfied. In re Adoptionof Holcomb (1985), 18 Ohio St.3d 361, at paragraph two of the syllabus.
The petitioner bears the burden of proving by clear and convincing evidence that consent is unnecessary. Clear and convincing evidence is that proof which would produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. Once the petitioner establishes by clear and convincing evidence that the natural parent did not communicate with the child for the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable reason for the failure. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, at paragraph two of the syllabus. However, the burden of proof remains on the petitioner. In re Adoption of Wagner (Jan. 30, 1998), Ashtabula App. No. 97-A-0010, unreported, 1998 Ohio App. LEXIS 293.
The trial court's judgment will be upheld absent a showing the determination was against the manifest weight of the evidence. Bovett,supra, at paragraph four of the syllabus. A reviewing court will not reverse the determination of the trial court as long as it is based on some competent, credible evidence. In re Adoption of McNutt (1999),134 Ohio App.3d 822, 829.
Incarceration alone is not a justifiable reason for failing to communicate with one's child. In re Adoption of Peyton Ashley F. (Oct. 13, 2000), Lucas App. No. L-00-1146, unreported, 2000 Ohio App. LEXIS 4738. In the instant case, appellant's incarceration is not the issue, but the existence of the "no contact" orders to which appellant was subject. The two lower courts forbade appellant from contacting his daughter because of allegations he sexually abused the child. Appellant pled guilty to abusing the child, with one of the conditions of the plea agreement being that he could not contact his daughter for five years.
The trial court focused on appellant's voluntary act of entering into a plea agreement, containing the provision that he not contact or communicate with the child, as not constituting justifiable cause of failing to communicate. Appellant, with advice of counsel, agreed to the plea agreement. Part of that agreement included the provision that appellant would have no contact with his daughter for the term of his probation or five years.
Appellant pled guilty to three counts of gross sexual imposition involving the child at issue here. Although appellant now disputes his guilt, a counseled plea of guilty is an admission of factual guilt. Statev. Wilson (1979), 58 Ohio St.2d 52, at paragraph one of the syllabus. The plea agreement states that appellant will not contact the child or her relatives during the five-year probation period. Therefore, appellant willingly agreed to forgo contact with his daughter for far more than the one-year period called for in R.C. 3107.07(A). Appellant has not seen his daughter since January of 1994 because of the conduct he engaged in with the child. Because there is evidence supporting the trial court's decision finding appellant's lack of communication was not justified by reason of the no contact orders, this court will uphold that determination. Appellant's assignment of error is not well-taken.
This decision is limited to the specific fact situation presented in this case — where the parent prohibited by a court order from contacting his or her child has been found guilty of sexually abusing that child, which criminal conduct forms the basis for the court order. In such a situation, a defendant cannot invoke the alleged involuntariness of a judicial no contact order because the defendant's own willful misconduct involving that child created the need for that court order. Application of or reliance on this ruling beyond the specific facts presented would be inappropriate.
The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
O'NEILL, P.J., concurs, FORD, J., concurs in judgment only with Concurring Opinion.