JOURNAL ENTRY and OPINION
Lisa Marie Knapp appeals from a judgment of the probate court denying her petition to adopt her stepson Jake Austin Knapp, dob March 26, 1994. On appeal, Lisa Knapp contends that the court erred in finding that she did not make the requisite showing that Jake's natural mother, Melinda Jarrell, unjustifiably failed to support Jake and that, therefore, her adoption of Jake required Melinda's consent. Upon review of the record and applicable law, we conclude that the court's determination is not against the manifest weight of the evidence and therefore affirm the judgment of the court.
The record before us reveals that Jake Austin Knapp is the child of Melinda Jarrell and Bradley Knapp. In 1996, Bradley obtained custody of Jake; also in that year, he married Lisa Marie Knapp. In 1998, the Juvenile Court ordered Melinda to pay $75 per month toward Jake's support.
The record further indicates that Melinda was ill and on bed rest on doctors' orders in the beginning of 2000. After she was relieved of the bed rest, she went back to school to complete her education as a Certified Medical Assistant and, in October, 2000, obtained part-time employment at Fairview Hospital earning $10.29 per hour. The record here contains a pay stub dated January 14, 2001, which shows a child support deduction in the amount of $35.31, while the attached pay check shows a date of January 19, 2001. However, the Child Support Enforcement Agency ("CSEA") did not issue the child support check to Bradley until February, 2001.
On January 18, 2001, Lisa, Bradley's wife and Jake's step-mother, filed a petition to adopt Jake. Melinda contested the adoption, claiming her consent was required for Lisa to adopt Jake, pursuant to R.C. 3107.06. Lisa contended, however, that consent to adoption is not required of a parent who has failed to communicate with the minor or provide for maintenance and support as required by law for a period of one year preceding the filing of the adoption petition, and she averred that Melinda failed in both regards.
On May 18, 2001, the court held a hearing on Lisa's petition for adoption of Jake. On June 5, 2001, the court dismissed the petition, finding that Lisa did not meet her R.C. 3107.07 burden of proving Melinda's failure to communicate or pay child support. Lisa now appeals,[1] limiting her appeal to the issue of Melinda's failure to support Jake. Her sole assignment of error states:
 IN HOLDING THAT THE CONSENT BY A CHILD'S NONCUSTODIAL BIRTH MOTHER WAS NECESSARY IN ORDER FOR A STEP-PARENT ADOPTION TO PROCEED, DESPITE NONPAYMENT OF SUPPORT BY THE MOTHER FOR MORE THAN ONE YEAR IMMEDIATELY PRECEDING THE FILING OF AN ADOPTION PETITION, BY REASON OF FINDING THAT THE MOTHER "HAD JUSTIFIABLE CAUSE FOR NOT MAKING CHILD SUPPORT PAYMENTS DURING THE ONE-YEAR TIME" AND THAT "STEPS WERE TAKEN WITHIN THE ONE-YEAR PERIOD . . .," THE TRIAL COURT ERRED.
Lisa contends that the court erred in finding Melinda had justifiable cause for not making child support payments during the one-year period immediately preceding her petition.
Parental consent is a jurisdictional prerequisite to adoption. McGintyv. Jewish Children's Bureau (1989), 46 Ohio St.3d 159, 161,545 N.E.2d 1272, 1274. R.C. 3107.06 provides that a petition to adopt a minor child can only be granted if certain individuals, including the child's mother, execute a written consent. R.C. 3107.07, however, creates exceptions to the parental consent requirement, providing, in pertinent part:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
We further recognize that the relationship between a parent and child is a constitutionally protected liberty interest. See In re Adoption ofZschach (1996), 75 Ohio St.3d 648, 653, 665 N.E.2d 1070; therefore, the courts have strictly construed the language of R.C. 3107.07(A) to protect the interests of a natural parent. In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 366-367, 481 N.E.2d 613, 619. See, also, In reSchoeppner (1976), 46 Ohio St.2d 21, 345 N.E.2d 608 (because the statute provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child by another, and is in abrogation of the common law rights of natural parents, the provisions of R.C. 3107.07[A] must be construed to protect the rights of the natural parent).
The court, in In re Adoption of Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d 919, set forth the following guidelines for the determination of failure of support, stating in its syllabus:
 1. Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. (Citation omitted.)
 2. Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner.
 3. Under R.C. 3107.07(A), the probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the child for that period as a whole (and not just a portion thereof) was without justifiable cause.
 4. The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. (Citation omitted.)
As the court has also instructed, where competent and credible evidence supports the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. SeeMyers v. Garson (1993), 66 Ohio St.3d 610, 616, 614 N.E.2d 742. A reviewing court should be guided by a presumption that the findings of the trial court are correct since the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 461 N.E.2d 1273.
Here, the record reflects that Melinda failed to support Jake in the requisite one-year period because her first payment came from her paycheck dated January 19, 2001, one day after Lisa filed her petition to adopt Jake. However, pursuant to R.C. 3107.07, this failure does not alleviate the necessity of her consent if the failure is justifiable. Therefore, the issue for our resolution concerns whether there exists justifiable cause for Melinda's failure to provide for support of Jake.[2]
As construed by the court in Bovett, the burden of proof under R.C.3107.07 remains with the petitioner: if the natural parent presents evidence to show justification for the failure to support the child, then the petitioner must prove by clear and convincing evidence that the failure occurred without justifiable cause. Accord In Matter of Adoptionof Campbell (Apr. 14, 2000), Montgomery App. Nos. 18042, 18043, unreported, citing Bovett. Thus, when Melinda met her burden of showing justifiable cause with her testimony regarding her illness, her subsequent efforts to complete her education, and her employment history justifying her failure to support, the burden then shifted to the petitioner to demonstrate such failure to pay support as unjustified.
The record indicates that Lisa did not produce any evidence to meet her burden other than pointing to the fact that Jarrel was employed during the last three months of the statutory period and was therefore able to pay during that period. As Bovett instructed, a trial court determining the justifiable cause issue must evaluate it for the statutory period as a whole and not just some portion of that period. Therefore, in the instant case, the court should have and did take into account Melinda's circumstances during the entire one-year period preceding January 18, 2001. Based on her long illness in the early part of that year, her subsequent efforts to complete her schooling, and her initiation of the CSEA payroll deduction process within the one-year statutory period after obtaining employment, the court found justifiable cause for Melinda's failure to support. Contrary to the petitioner's contention that the court found Melinda to have taken steps toward the payroll deduction process without citing any supporting facts, the court's judgment entry specifically stated that "[t]he Court understands that paperwork for CSEA can take a considerable time to process, as evidenced by the payment taken out of Melinda's paycheck in mid-January 2001, yet not received by the custodial parent until February 2001."
Thus, in this case, the court's determination that Lisa did not successfully show Melinda to have failed to support Jake without justifiable cause is not against the manifest weight of the evidence as this determination is supported by competent and credible evidence. Given this state of the record and the deference we must give to the court's finding in accordance with Bovett, we are constrained to uphold the judgment of the court.
For these reasons, we affirm the judgment of the probate court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. CONCURS DIANE KARPINSKI, J. CONCURS (See separate opinion)
[1] Due to the lack of transcripts of the proceeding, both Lisa and Melinda filed a statement of proceedings in accordance with App.R. 9(C). Subsequently the court filed its own 9(C) statement.
[2] On appeal, Lisa argues at length that Jarrel's check was dated January 19, 2001, rather than January 14, 2001. This effort is misguided, because the court had agreed with her, specifically finding that the first support payment came from Jarrell's paycheck dated January 19, 2001, one day beyond the statutory period.