[Cite as *In re O.V.*, 2019-Ohio-4628.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| O.V. | : | CASE NO. CA2019-03-046 |
| | : | O P I N I O N<br>11/12/2019 |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2018-1008

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Ravert J. Clark, 114 East 8th Street, The Citadel Suite 400, Cincinnati, Ohio 45202, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, O.V., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for committing acts that if charged as an adult would constitute gross sexual imposition. For the reasons outlined below, and finding the juvenile court lacked subject-matter jurisdiction, the juvenile court's

decision adjudicating O.V. a delinquent child is reversed and vacated, and O.V. is discharged.

## Facts and Procedural History

{¶ 2} On August 23, 2018, a complaint was filed with the juvenile court alleging O.V. was a delinquent child for committing acts that if charged as an adult would constitute three counts of gross sexual imposition. Based on a joint stipulation of facts, the charges arose after O.V., who was then age 15, had sexual contact with his eight-year-old cousin while the two were on a family trip in New York. There is no dispute that all sexual contact between O.V. and his cousin took place in New York, not Ohio. There is also no dispute that both O.V. and his cousin reside in Butler County.

{¶ 3} On September 13, 2018, O.V. moved to dismiss the case "because of a lack of venue as no element of the charged offenses occurred in Butler County." After holding a hearing on the matter, the juvenile court denied O.V.'s motion to dismiss. The juvenile court reached this decision upon finding a "juvenile may be charged where he has a residence or legal settlement[.]" Therefore, because there was no dispute that O.V. resided in Butler County, the juvenile court determined that it had "jurisdiction to proceed" with the case.

{¶ 4} On February 1, 2019, the juvenile court adjudicated O.V. a delinquent child based on the jointly stipulated facts set forth above. Approximately one month later, on March 7, 2019, the juvenile court held a dispositional hearing. Following this hearing, the juvenile court issued its dispositional decision placing O.V. on community control subject to "intensive probation." The juvenile court also ordered O.V. to complete a sex offender treatment program and 20 hours of community service. O.V. then appealed.

## Appeal

{¶ 5} On appeal, O.V. raised a single assignment of error challenging the juvenile

court's decision denying his motion to dismiss. The state filed an answer brief refuting O.V.'s claim. But, rather than stopping there, the state continued and acknowledged that while Butler County may be a proper venue to file a complaint, there was nevertheless a question as to whether the juvenile court had subject-matter jurisdiction to proceed since all sexual contact between O.V. and his cousin took place in New York, not Ohio. Finding the answer to that question dispositive in this case, we will address only whether the juvenile court had subject-matter jurisdiction to adjudicate O.V. a delinquent child without rendering any opinion on whether the juvenile court erred by denying O.V.'s motion to dismiss.

## Subject-Matter Jurisdiction

{¶ 6} "Subject-matter jurisdiction involves a court's power to hear a case." *State v. Walston*, 12th Dist. Butler No. CA2018-04-068, 2019-Ohio-1699, ¶ 8, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. Subject-matter jurisdiction "may not be conferred by agreement of the parties or waived, and is the basis for mandatory, sua sponte dismissal either at the trial court or on appeal." *In re B.M.*, 4th Dist. Hocking No. 16CA12, 2017-Ohio-7878, ¶ 8, citing *Keeley v. Stoops*, 7th Dist. Belmont No. 13 BE 23, 2014-Ohio-4161, ¶ 10. "[S]ubject matter jurisdiction may be raised by the parties to the case or otherwise" *Critzer v. Critzer*, 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126, ¶ 8. "'An appellate court reviews de novo a [juvenile] court's determination regarding the existence of subject matter jurisdiction, that is whether the [juvenile] court has or lacks jurisdiction in the first place[.]'" *In re S.C.R.*, 12th Dist. Clinton No. CA2017-11-018, 2018-Ohio-4063, ¶ 12, quoting *Powers-Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15.

### Did the Juvenile Court have Subject-Matter Jurisdiction to Adjudicate O.V. a Delinquent Child for Acts He Committed in Another State?

{¶ 7} Pursuant to R.C. 2152.021(A)(1), any person having knowledge of a child who

appears to be a delinquent child "may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the * * * delinquent act allegedly occurred." Similarly, in accordance with Juv.R. 10(A), any person having knowledge of a child who appears to be a delinquent, unruly, neglected, dependent, or abused child "may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the * * * delinquency, unruliness, neglect, dependency, or abuse occurred." Therefore, because O.V. resides in Butler County, it would seem that both R.C. 2152.021(A)(1) and Juv.R. 10(A) would provide the juvenile court with both personal jurisdiction and subject-matter jurisdiction to proceed in this case.

{¶ 8} However, pursuant to R.C. 2152.02(E)(1), a "delinquent child" is defined as "[a]ny child * * * who violates any law *of this state* or the United States, or any ordinance of a political subdivision *of the state*, that would be an offense if committed by an adult[.]" (Emphasis added.) Here, as noted above, all sexual contact between O.V. and his cousin occurred in New York, not Ohio. Therefore, because all sexual contact occurred in a state other than Ohio, O.V. did not violate a law of this state. O.V. also did not violate a law of the United States or any ordinance of any political subdivision of this state. O.V. instead violated a law of New York. *See, e.g.,* N.Y. Penal Law 130.75(1)(a) (sexual conduct against a child of the first degree). Accordingly, because O.V. did not violate a law of this state, we find that the juvenile court did not have subject-matter to adjudicate O.V. a delinquent child, thereby rendering the juvenile court's decision adjudicating O.V. a delinquent child void.

{¶ 9} This case appears to present an issue of first impression in Ohio. So, without any direct guidance from the Ohio General Assembly, the Ohio Supreme Court, or any other Ohio district court of appeals, we hold that an Ohio juvenile court does not have subject-matter jurisdiction to adjudicate a child a delinquent child for acts that if charged as an adult

would constitute a violation of any Ohio law when all of the alleged acts occurred in a state other than Ohio. While not at issue in this appeal, we believe the same would hold true as it relates to a child's alleged acts occurring in a state other than Ohio that if charged as an adult would constitute a violation of any ordinance of any Ohio political subdivision. An Ohio juvenile court, however, would have subject-matter jurisdiction to adjudicate a child a delinquent child for acts that if charged as an adult would constitute a violation of any law of the United States. This is because the laws of the United States apply equally to all 50 states, thereby making it immaterial in which state or states the alleged acts occurred.

{¶ 10} Although contained within Ohio's criminal code, we find this holding comports with the jurisdictional guidelines set forth by the General Assembly under R.C. 2901.11(A) as it relates to alleged adult criminal offenders. Pursuant to that statute, a person is subject to criminal prosecution and punishment in Ohio for acts that occurred while that person was outside of Ohio only if:

> (1) The person conspires or attempts to commit, or is guilty of complicity in the commission of, an offense in Ohio;
>
> (2) The person omits to perform a legal duty imposed by the laws of Ohio, which omission affects a legitimate interest of Ohio in protecting, governing, or regulating any person, property, thing, transaction, or activity in Ohio;
>
> (3) The person unlawfully takes or retains property and subsequently brings any of the unlawfully taken or retained property into Ohio; or
>
> (4) The person unlawfully takes or entices another and subsequently brings the other person into Ohio.

{¶ 11} Because this case arose out of O.V.'s sexual contact with his eight-year-old cousin while the two were on a family trip in New York, none of the four factual scenarios in R.C. 2901.11(A) apply to the case at bar. O.V., therefore, would not have been subject to criminal prosecution and punishment in Ohio for his acts that occurred while he was in New

York even if O.V. had been an adult at the time of the offense.

{¶ 12} "Jurisdiction over all crimes and offenses is vested in the general division of the court of common pleas, unless such jurisdiction is specifically and exclusively vested in other divisions of the court of common pleas or in the lower courts." *State v. Walls*, 12th Dist. Butler No. CA99-10-174, 2000 Ohio App. LEXIS 5779, *6-7 (Dec. 11, 2000), citing *State ex rel. McMinn v. Whitfield*, 27 Ohio St.3d 4, 5 (1986). "Since juvenile courts were unknown at common law, they have no inherent, historical, or traditional power upon which to rely." *Id.*, citing *State ex rel. Lunsford v. Buck*, 88 Ohio App.3d 425, 429 (4th Dist.1993). Juvenile courts in this state are instead considered "statutory courts." *In re C.D.*, 10th Dist. Franklin No. 17AP-744, 2018-Ohio-4509, ¶ 9. "As a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶14; *In re Gibson*, 61 Ohio St.3d 168, 172 (1991) ("[t]he juvenile court possesses only the jurisdiction that the General Assembly has expressly conferred upon it").

{¶ 13} The General Assembly has not conferred Ohio juvenile courts with the authority to adjudicate a child a delinquent child for acts the child committed in a state other than Ohio. Other states, however, have granted such authority to their juvenile courts. A juvenile court in Vermont, for instance, has been given that authority by the Vermont general assembly. *See* Vt.Stat.Ann., Title 33, Section 5102(9) (defining the term "delinquent act" to mean "an act designated a crime under the laws of this State, *or of another state if the act occurred in another state*, or under federal law"). The Louisiana state legislature has also given that authority to its juvenile courts. *See* La.Ch.C.Art. 804(3) (defining the term "delinquent act" to mean "an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state, *or of another state if the offense occurred there*, or under federal law, except traffic

violations"). So too has the Alabama state legislature. *See* Ala.Code 12-15-102(6) (defining the term "delinquent act" to mean "[a]n act committed by a child that is designated a violation, misdemeanor, or felony offense pursuant to the law of the municipality, county, *or state in which the act was committed* or pursuant to federal law"). Therefore, based on the authority granted to it by the General Assembly as it now stands in this state, the juvenile court case lacked subject-matter jurisdiction to adjudicate O.V. a delinquent child for acts that he committed while in New York, not Ohio.

**Conclusion**

{¶ 14} "Subject matter jurisdiction focuses on the court as the proper forum to hear cases, such as municipal court, common pleas, or juvenile court." *State ex rel. Haussler*, 12th Dist. Clermont No. CA2002-01-004, 2002-Ohio-3882, ¶ 11, citing *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). "[A] court's lack of subject-matter jurisdiction renders that court's judgment void ab initio." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17; *State v. Van Dyne*, 5th Dist. Guernsey No. 15CA26, 2016-Ohio-1476, ¶ 17 ("[w]hen a trial court lacks subject matter jurisdiction its judgment is void"). As discussed more fully above, the juvenile court lacked subject-matter jurisdiction to adjudicate O.V. a delinquent child for acts that he committed in New York. This renders the juvenile court's decision adjudicating O.V. a delinquent child void. Therefore, because the juvenile court's decision is void for lack of subject-matter jurisdiction, the juvenile court's decision adjudicating O.V. a delinquent child must be reversed and vacated.[1]

{¶ 15} Judgment reversed, O.V.'s adjudication as a delinquent child is vacated, and

---

1. This court commends the state – most notably its appellate counsel, Attorney Michael Greer – for independently raising this issue as part of its answer brief. While being an advocate is an integral part of being an attorney, so too is the pursuit of justice and the rule of law. As the preamble to the Ohio Rules of Professional Conduct states, "[a]s an officer of the court, a lawyer not only represents clients but has a special responsibility for the quality of justice." This case serves a prime example of that special responsibility being put to use.

O.V. is discharged.

HENDRICKSON, P.J., and M. POWELL, J., concur.