MONTGOMERY, Appellant,

v.

TENNECO AUTOMOTIVE OPERATING, INC. et al., Appellee.

[Cite as *Montgomery v. Tenneco Automotive Operating, Inc.*, 183 Ohio App.3d 164, 2009-Ohio-3394.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–08–076.

Decided July 10, 2009.

Christopher S. Clark, for appellant.

Michael Williams and Jennie K. Ferguson, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal from the November 20, 2008 judgment of the Erie County Court of Common Pleas denying plaintiff-appellant Rick E. Montgomery's motion for relief from judgment pursuant to Civ.R. 60(B)(5). For the reasons set forth herein, we reverse.

{¶ 2} The facts of this case are as follows. On December 4, 2002, appellant filed a complaint against appellee, Tenneco Automotive Operating, Inc., alleging that appellee's intentional conduct resulted in injuries to appellant. Appellee filed an answer on January 3, 2003; on September 23, 2003, appellee filed a notice of deposition of appellant. No further action by either party appears on the docket throughout 2004 and 2005. On January 9, 2006, the trial court dismissed appellant's complaint, without prejudice, for want of prosecution pursuant to Civ.R. 41(B)(1).

{¶ 3} On July 25, 2008, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant asserted that he did not gain knowledge of the dismissal of his case until October 2007, when appellee's counsel informed his counsel. Furthermore, there is no evidence in the record that the court provided

notice of its intention to dismiss the case. On November 20, 2008, the court held that appellant failed to establish justifiable grounds for relief and denied the motion. Appellant then filed the instant appeal, asserting two assignments of error:

{¶ 4} "I. The trial court erred to the prejudice of appellant in dismissing appellant's complaint filed December 4, 2002 for want of prosecution due to a failure to provide notice to appellant of court's intention.

{¶ 5} "II. The trial court erred to the prejudice of appellant in denying appellant's motion for relief pursuant to Civ.R. 60(B)."

{¶ 6} The standard of review for both assignments of error presented before this court on appeal is abuse of discretion. See *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (grant or denial of a motion for relief from judgment); *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 437 N.E.2d 1199 (dismissal of an action for lack of prosecution). A trial court will not be found to have abused its discretion unless its decision involves more than an error of judgment or law and can be characterized as unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 7} In his first assignment of error, appellant contends that the trial court abused its discretion by involuntarily dismissing his claim, without prejudice, pursuant to Civ.R. 41(B)(1), which states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 8} The Supreme Court of Ohio has ruled that the purpose of the notice requirement of Civ.R. 41(B)(1) is to "give a party an opportunity to obey the order." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 454 N.E.2d 951. The court goes on to explain that this holding "reflects a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Id. There is no evidence in the record that the trial court provided notice of the court's intention to dismiss the case. The Supreme Court of Ohio has held that if no notice was given to the plaintiff prior to the involuntary dismissal for want of prosecution, the trial court abused its discretion, and the dismissal was in error. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 350, 6 OBR 403, 453 N.E.2d 648. Appellee counters that the notice requirement of Civ.R. 41(B)(1) applies only to dismissals with prejudice. However, this court has emphasized that in *Svoboda*, the Supreme Court of Ohio addressed an involuntary dismissal *without prejudice* for failure to prosecute under Civ.R. 41(B)(1). *Lippus v. Lippus*, 6th Dist. No. E–07–003, 2007-Ohio-6886, 2007 WL 4464953, ¶ 11. Similarly, the case at bar was

dismissed without prejudice; therefore, the trial court abused its discretion when it dismissed the case without first providing notice. Accordingly, appellant's first assignment of error is well taken.

{¶ 9} In appellant's second assignment of error, he contends that the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B). Civ.R. 60(B) sets forth the following grounds for relief:

{¶ 10} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 11} In order to prevail on a motion brought under Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 351 N.E.2d 113. In the case at bar, the trial court held that appellant failed to meet the second requirement of the three-pronged test recognized in *GTE Automatic Elec.*, and whether appellant received notice of the dismissal did not excuse his duty to stay informed as to the progress of his case.

{¶ 12} Appellant asserts that the failure of the trial court to provide him with notice of the involuntary dismissal of his case entitles him to relief from judgment under Civ.R. 60(B)(5), thereby fulfilling the second *GTE* prong. The Supreme Court of Ohio has ruled that the failure of a trial court to provide notice of its intent to dismiss constitutes grounds for Civ.R. 60(B) relief premised on excusable neglect. *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 479 N.E.2d 879. For the reasons set forth by this court in the first assignment of error, the trial court's noncompliance with the notice requirement effectuated appellant's failure to prosecute. Therefore, pursuant to Civ.R. 60(B), appellant's motion for relief from judgment satisfies the second *GTE* prong. Based upon the foregoing, we hold that the trial court abused its discretion when it determined that appellant's motion failed to present justifiable grounds for relief under Civ.R. 60(B). Accordingly, appellant's second assignment of error is well taken.

{¶ 13} On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed.

PIETRYKOWSKI and OSOWIK, JJ., concur.