[Cite as *Am. Ins. & Monetary, L.L.C. v. Holiday Park Condominium Owners Assn., Inc.*, 2016-Ohio-2977.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

American Insurance & Monetary, LLC          Court of Appeals No. WD-15-045

    Appellant          Trial Court No. 2013CV0673

v.

Holiday Park Condominium Owners
Association, Inc., et al.          **DECISION AND JUDGMENT**

    Appellees          Decided: May 13, 2016

* * * * *

Kevin R. Eff, for appellant.

Thomas E. Puffenberger II and Howard B. Hershman, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This case is before the court on appeal of the Wood County Court of Common Pleas' June 9, 2015 judgment granting appellees' motion to dismiss and the January 20, 2015 judgment denying appellant's motion for partial summary judgment. For the reasons set forth herein we reverse, in part.

**{¶ 2}** Appellant, American Insurance & Monetary, LLC, is owner of two of six commercial units (A and F) in the Holiday Park Condominiums ("Holiday Park") located in Perrysburg, Wood County, Ohio. Appellees include unit owners RSMM Healthcare, LLC ("RSMM") (Unit B), UMG Investments, LLC (Units C and D), and Physical Rehab Properties, LLC (Unit E). The Holiday Park Condominium Owners Association, Inc. (Association) was also named in the action. Appellant commenced this declaratory judgment action based upon the Third Amendment, recorded on November 29, 2012, to the Declaration of Condominium Property and Ownership ("Declaration"), recorded on November 29, 2005, which appellant claims grants exclusive use of certain common areas to owners of Units C and D to the exclusion of the other unit owners. Appellant requested that the court declare that the Third Amendment is void in that it violated Article I(B)(4) of the Declaration which prohibited partitioning of the common areas; it violated V(C) of the Declaration which prohibited exemption from liability for contribution toward the common expenses; it was not unanimously adopted as required in the Declaration; and the Third Amendment violates R.C. 5311.04 and is also inequitable.

**{¶ 3}** The action also requested that the defendants be enjoined from placing vending machines in the common areas or refusing to make "safety-related and structure-related" repairs in the common areas. Appellant further contended that the refusal to fund repairs violated R.C. 5311.19(A). Finally, appellant alleged bad faith in failing to abide by the Declaration.

2.

{¶ 4} On July 18, 2014, appellant filed a motion for partial summary judgment on the issue of whether the Third Amendment "facially and materially" lacked the unanimous approval as required under the Declaration and R.C. 5311.04(E). On September 8, 2014, appellees filed their opposition to the motion. The court denied the motion finding that because the term unanimous approval as used in R.C. 5311.04 is not defined, issues of fact remained as to whether the condominium owners unanimously approved the Third Amendment.

{¶ 5} On March 6, 2015, the court ordered that the joint pretrial statement be filed by May 4, 2015. At a May 11, 2015 settlement pretrial conference, the court was informed that a stipulation of facts had been reached and that issues of law would be submitted to the court. The court then ordered that the joint pretrial statement and stipulated facts be submitted by May 26, 2015. Thereafter, on May 26, 2015, the court granted a joint motion for an extension of time to file the joint pretrial statement. The court ordered that the statement be submitted by May 28, 2015, and that no further extensions would be considered.

{¶ 6} On June 9, 2015, at approximately 11:00 a.m., appellees filed a motion to dismiss appellant's complaint, with prejudice. Appellees argued that appellant's failure to file the joint pretrial statement, despite several extensions and the court's final order that it be filed by May 28, 2015, warranted dismissal. Appellees stated that following the due date, counsel had attempted to contact appellant's counsel multiple times though email and telephone but "with no adequate response." The motion further stated that

3.

plaintiff's counsel finally contacted the court on June 5, 2015, and indicated that the pretrial statement would be filed by June 8, 2015. As of the motion's filing, it had not been filed.

{¶ 7} On the same date, at about 2:30 p.m., the trial court granted the motion without explanation. The following morning, in an attempt to supersede the dismissal's journalization, appellant filed a notice of voluntary dismissal under Civ.R. 41(A)(1)(a). The order, however, had been journalized on the date it was filed. Appellant then commenced the instant appeal.

{¶ 8} Appellant raises four assignments of error for our review:

A. The trial court erred in dismissing appellant's case with prejudice a mere three-and-a-half (3.5) hours after the appellees filed their motion seeking such dismissal and before appellant had either notice of such motion or a chance to defend against the possibility of such dismissal.

B. The trial court erred in disregarding its own Local Rule 4.04 in considering and granting, ex parte, the appellees' motion to dismiss appellant's claims with prejudice.

C. The trial court erred, as a matter of law, in failing to read R.C. 5311.04(E) in pari materia with R.C. 5311.05(A).

D. The trial court erred in denying appellant's motion for summary judgment as to the validity of the Third Amendment to the Declaration of Condominium Ownership of Holiday Park Condominiums.

4.

**{¶ 9}** Appellant's first and second assignments of error are related and will be jointly addressed. Appellant argues that the trial court erred by granting appellees' motion to dismiss without affording appellant notice or an opportunity to defend. We note that the decision to dismiss a claim pursuant to Civ.R. 41(B)(1) is normally left to the discretion of the trial court. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). Thus, a reviewing court will not reverse the decision absent an abuse of discretion. An abuse of discretion implies an unreasonable or arbitrary attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In determining whether a court abused its discretion in dismissing a claim, a reviewing court must be mindful the tenet that disposition of cases on their merits is favored in the law. *Jones* at 371.

**{¶ 10}** Appellant argues that the fact that it had no notice of the court's intent to dismiss combined with the harshness of the sanction, demonstrates the trial court's error in granting appellees' motion. Conversely, appellees contend that the court was within its discretion to dismiss the case under Loc.R. 4.01(D)(4) and Loc.R. 4.04(D)(16); and that, based on these rules and the court's indication that there would be no further extensions granted, appellant was on notice of the potential that the case could be dismissed.

**{¶ 11}** Relevant to this case, Civ.R. 41(B)(1) provides: "*(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the

5.

court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 12} Loc.R. 4.01(D) of the Court of Common Pleas of Wood County, General Division, the case management section, provides the procedure for joint pretrial statements in civil cases. The section reads, in relevant part:

3. The deadline for filing of the joint pretrial statement is firm and may be extended only by leave of Court for good cause shown.

4. Failure to submit the joint pretrial statement in a timely manner may result in the imposition of appropriate sanctions, including exclusion of testimony or exhibits, denial of claims, directed verdicts, dismissal of the case or contempt of court.

{¶ 13} Loc.R. 4.04(D) provides that the court may consider an ex parte motion in certain limited circumstances; a motion to dismiss is not enumerated. However, 4.04(D)(16) provides for "Any other motion, for good cause shown." Section E states that "[f]or all motions not specified in (D) above, opposing counsel shall serve any desired response within 14 days after service of the initiating filing unless otherwise ordered."

{¶ 14} The notice required prior to a dismissal with prejudice was explained as the requirement that the court give the offending party the opportunity to justify or correct the default and explain why the case should not be dismissed. *Franklin v.*

6.

*DaimlerChrysler Corp.*, 6th Dist. Lucas No. L-05-1244, 2006-Ohio-5620, ¶ 10, quoting

*Asres v. Dalton*, 10th Dist. Franklin No. 05AP-632, 2006-Ohio-507, ¶ 14.

{¶ 15} Appellees argue that appellant had implied notice under Loc.R. 4.01(D);

however, we find that this "notice" is not sufficient when juxtaposed against the harshest

sanction of a dismissal with prejudice.  Further, Loc.R. 4.01(D) listed several possible

lesser sanctions.

{¶ 16} Regarding the opportunity to respond, the Supreme Court of Ohio reviewed

an action where the motion for sanctions was granted and the action was dismissed only

two days following its filing.  *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 721

N.E.2d 1029 (2000).  The court concluded that the party opposing the dismissal must be

given "the opportunity to respond at least within the time frame allowed by the

procedural rules of the court."  *Id.* at 519-520.

{¶ 17} This court has similarly and repeatedly found that a trial court is required to

provide notice prior to an involuntary dismissal.  *Buettner v. Horton*, 6th Dist. Lucas No.

L-95-230, 1996 WL 139693 (Mar. 29, 1995).  Such notice may be "where a party or his

or her counsel is present for a hearing or trial and is notified of the possibility of

dismissal by the court or by the opposing party's motion to dismiss."  *Id.* at *2, citing

*Carr v. Green*, 78 Ohio App.3d 487, 491, 605 N.E.2d 431 (10th Dist.1992).  *See Torsok*

*v. Wesson*, 6th Dist. Lucas No. L-98-1421, 1999 WL 576029, *5 (Aug. 6, 1999);

*Montgomery v. Tenneco Automotive Operating, Inc.*, 183 Ohio App.3d 164, 2009-Ohio-

3394, 916 N.E.2d 530 (6th Dist.).

7.

{¶ 18} In the present case we must conclude that the trial court abused its discretion by granting appellees' motion to dismiss, with prejudice. As stated above, appellees filed their motion on June 9, 2015, at approximately 11:00 a.m. The "Proof of Service" indicated that the copy was mailed to appellant's attorney on the same date. The motion was granted less than four hours later. Certainly, appellant had not received the mailing when the motion was decided and thus was neither on notice that the court could dismiss its action nor had an opportunity to respond. Appellant's first and second assignments of error are well-taken.

{¶ 19} Appellant's third assignment of error argues that the trial court erred, as a matter of law, in failing to read R.C. 5311.04(E) in pari materia with R.C. 5311.05(A). Similarly, in appellant's fourth assignment of error it contends that because fewer than all the unit owners signed the Third Amendment, there were no issues of fact precluding summary judgment on the issue of unanimous approval. Appellant argues that reading the two sections together necessitates a finding that the "unanimous approval" required for amendments must be facially evident on the recorded instrument.

{¶ 20} R.C. Chapter 5311, Ohio's Condominium Act, was enacted to address the cooperative form of condominium ownership, the respective interest of owners in the common areas, and the condominium administration. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993).

8.

**{¶ 21}** R.C. 5311.04(E) provides:

Except as provided in sections 5311.031 to 5311.033 and 5311.051 of the Revised Code, the undivided interest in the common elements of each unit as expressed in the original declaration shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected.  The undivided interest in the common elements shall not be separated from the unit to which it appertains and is deemed conveyed or encumbered with the unit even though that interest is not expressly mentioned or described in the deed, mortgage, lease, or other instrument of conveyance or encumbrance.

**{¶ 22}** R.C. 5311.05(A) states that "[a] declaration submitting property to the provisions of this chapter shall be signed and acknowledged by the owner before a judge or clerk of a court of record, county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe the certificate of acknowledgment."

**{¶ 23}** The plain language of these provisions reveals no writing requirement for an amendment to a condominium owners' declarations; the requirement is that there be unanimous approval.  This fact was noted in a Second Appellate District case which examined the validity of an amendment raising unit owners' maintenance fees.  *Howley v. Wythe Parish Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 12506, 1991 WL 228708 (Oct. 2, 1991).  In *Howley*, the amendment was approved and implemented in

9.

1985, but was not reduced to writing and recorded until 1989. Twenty of the 21 voting owners signed the writing with the final member deceased. *Id.* at *1.

{¶ 24} The court examined R.C. 5311.04(D) which, though worded differently than the current version, likewise required that an amendment to the declaration be "unanimously approved by all the unit owners affected." The court determined that the section did not require that the amendment be in writing. *Id.* The court further found that the statute did not require that the "amendment be filed either contemporaneously or within a certain time." *Id.* at *2.

{¶ 25} Reviewing the above-quoted statutes, we conclude that there is no requirement that the unanimous approval be in writing or that it be filed within a certain amount of time. Reviewing the matter de novo, *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), we agree with the trial court that the affidavit of the single unit owner who, due to a scheduling conflict, was not able to sign the amendment is sufficient to raise an issue of fact as to whether the Third Amendment was unanimously approved as required by statute. Appellant's third and fourth assignments of error are not well-taken.

{¶ 26} On consideration whereof, we find that substantial justice was not done the party complaining and the June 9, 2015 judgment of the Wood County Court of Common Pleas dismissing the action is reversed and the matter is remanded for further proceedings. Pursuant to App.R. 24, appellees are ordered to pay the costs of this appeal.

Judgment reversed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Stephen A. Yarbrough, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.