**[Cite as *In re Adoption of R.Y.*, 2020-Ohio-837.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re Adoption of R.Y.                    Court of Appeals No.  E-19-046

Trial Court No.  2018-4-013

**<u>DECISION AND JUDGMENT</u>**

Decided:  March 6, 2020

* * * * *

Mary Catherine Barrett and Brian J. Lamb, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellants, M.Y. and R.Y., appeal the July 31, 2019 judgment of the Erie County Court of Common Pleas, Probate Division, which denied their Civ.R. 60(B) motion for relief from the court's November 19, 2018 order vacating the final decree of adoption of minor, R.Y.  Because we find no error, we affirm.

{¶ 2} Minor, R.Y., was born in October 2011.  In July 2016, the Erie County Juvenile Court awarded appellants legal, permanent custody of R.Y. with the apparent support of appellee, biological father, J.O.  On March 29, 2018, appellants filed a petition for adoption of R.Y.  The petition indicated that consent of the biological mother was not required as she was deceased.  The petition further indicated that appellee's consent was required; his consent form was filed on the same date.  The preprinted, notarized consent form indicated that appellee "waives notice of the hearing on the Petition for Adoption to be filed in the court and consents to the adoption of [R.Y.]"[1]

{¶ 3} Appellee was, in fact, notified of the hearing on the petition for adoption. The standard form contained the following:

A final decree of adoption, if granted, will relieve you of all parental rights and responsibilities, including the right to contact the minor, and, with respect to a spouse of the adoption petitioner and relative of that spouse, terminate all legal relationships between the minor and you and the minor's other relatives, so that the minor thereafter is a stranger to you and the minor's former relatives for all purposes.  If you wish to contest the adoption, you must file an objection to the petition within fourteen days after proof of service of notice of the filing of your petition and of the time

_____

[1]This waiver is valid only in certain circumstances including where the child is less than six months of age, the minor is to be adopted by a stepparent, or the natural parent lives in another state.  R.C. 3107.081(D), (E) and (F).

2.

and place of the hearing is given to you. If you wish to contest the adoption you must also appear at the hearing. A final decree of adoption may be entered if you fail to file an objection to the adoption petition or appear at the hearing.[2]

{¶ 4} Appellants and appellee appeared at the hearing which was not recorded. On September 10, 2018, the trial court granted the petition for adoption finding that the necessary consents were given and that the adoption was in the best interest of the child.

{¶ 5} On November 19, 2018, appellee filed a motion to contest his son's adoption by appellants. Appellee indicated that when he signed the consent form he was under "extreme duress" due to the death of the child's mother and his understanding was that following the adoption visitation between he and the child would remain constant. He had since learned that appellants were planning a move to Florida. Appellee further stated that he believed that at the September 10, 2018 hearing, he would have had the opportunity to be heard and to weigh the "crucial decision." An entry of appearance was also filed by an attorney representing appellee.

{¶ 6} On the same date, the trial court filed a judgment entry sua sponte vacating the adoption order. The court stated: "It has come to the Court's attention that the consent of the biological father, [J.O.], in the above-captioned case may have been

---

[2]Pursuant to R.C. 3107.11, this form is intended for, inter alia, a parent whose consent is not required due to the parent's failure to provide more than "de minimus" contact with the minor or had failed to provide maintenance and support.

3.

accepted by this Court in error, thus rendering further proceedings in finalizing the adoption void or voidable." The matter was set for a status review on December 17, 2018. Appellants' counsel requested that the hearing be continued due to a conflict. Without addressing the request for a continuance, on December 17, the trial court filed a judgment entry stating that the case would be dismissed within seven days unless further action was taken in the interim; it stated that the order would be self-executing. On January 2, 2019, the court ordered that the minor's name and birth certificate be changed back to the name held prior to the adoption.

{¶ 7} On July 18, 2019, appellant filed a motion to reopen the case to permit the filing of a Civ.R. 60(B) motion for relief from judgment. Appellants' motion and request for a hearing were filed the same day. On July 31, 2019, prior to ruling on a motion for an extension of time to respond filed by appellee, the trial court denied the motion. The court's denial of the motion expressed that its decision vacating the adoption

> [was] not based on the merit of any information filed within the Motion to Contest the Adoption filed by attorney Dwayne Galloway. Rather, the Court's vacation of the adoption order was based on the noncompliance with the statutory requirements for acceptance of the father's consent.

{¶ 8} This appeal followed with appellants raising the following assignment of error:

4.

The probate court erred in denying petitioners-appellants' Civil Rule 60(B) motion without a hearing.

{¶ 9} We first address the question of whether the probate court had the authority to, sua sponte, vacate the final order of adoption. Generally, a court may only vacate a final order pursuant to Civ.R. 60(B). *N. Shore Auto Financing, Inc. v. Valentine*, 8th Dist. Cuyahoga No. 90686, 2008-Ohio-4611, ¶ 12. However, the court has the inherent authority to vacate a void judgment. *Id.* at ¶ 13. "A judgment is considered void 'where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process.'" *Id.*, quoting *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. In the case of adoption, valid consent of a biological parent, if required, is a jurisdictional requirement. *In re Adoption of Zschach*, 75 Ohio St.3d 648, 657, 665 N.E.2d 1070 (1996). Thus, we conclude that if appellee's consent was not properly obtained, the adoption was void and the court had the inherent authority to vacate the judgment.

{¶ 10} Appellants' sole assignment of error asserts that the trial court deprived them of due process of law by summarily denying their motion for relief. We review a court's denial of a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *Rotroff v. Rotroff*, 6th Dist. Fulton No. F-06-019, 2007-Ohio-2391, ¶ 7, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

5.

{¶ 11} A movant is entitled to relief under Civ.R. 60(B) after showing, through operative facts presented in evidentiary form, all three of the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 526 N.E.2d 564 (1988).

{¶ 12} Civ.R. 60(B) provides that a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 13} A party is entitled to relief from judgment under Civ.R. 60(B)(5), the "catchall" provision, only if he can demonstrate any other reason not listed in Civ.R. 60(B)(1)-(4) that justifies relief being granted. The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. *Wiley v. Gibson*, 125 Ohio App.3d 77, 81, 707 N.E.2d 1151 (1st Dist.1997). Furthermore, a Civ.R. 60(B) motion is not to be used as a substitute for direct appeal. *State ex rel. Bragg v. Seidner*, 92 Ohio St.3d 87, 748 N.E.2d 532 (2001).

{¶ 14} In the court below, appellants first argued in their motion that they were entitled to relief under Civ.R. 60(B)(1) because the court made three "mistakes:" 1) it did not properly dispose of appellee's motion to contest after the final decree for adoption was issued; 2) it erroneously accepted appellee's allegations without first conducting a hearing; and 3) it erred in vacating the adoption where appellee's consent was not necessary as he failed to support the child for one year prior to the filing of the adoption.

{¶ 15} As to Civ.R. 60(B)(3), fraud, appellants argued that the court vacated the adoption order based on the fraudulent representations of appellee made in his affidavit attached to his motion. Again, in its judgment entry denying the motion the court stressed that it did not rely on any assertions of appellant in vacating the adoption order.

7.

{¶ 16} Below, and before us on appeal, appellants chiefly argue that they were entitled to relief under Civ.R. 60(B)(5) because adoption proceedings by their nature require certainty and finality and that theirs and the child's interests in the parent-child relationship is a fundamental liberty interest which requires due process of law. We agree with both of these general assertions as it is well-settled that "parents possess a fundamental liberty interest in the care and custody of their children [and that] the state may not deprive parents of their parental rights without due process of law." *Matter of J.T.*, 2019-Ohio-465, 129 N.E.3d 946, ¶ 29 (4th Dist.), citing *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 16.

{¶ 17} As set forth above, parental consent to an adoption order "'is [a] jurisdictional prerequisite which, if absent, allows the order to be attacked as void.'" *Zschach*, 75 Ohio St.3d at 657, 665 N.E.2d 1070, quoting *McGinty v. Jewish Children's Bur.*, 46 Ohio St.3d 159, 161, 545 N.E.2d 1272 (1989). Further, a valid consent is "one which has been freely, knowingly, and voluntarily given with a full understanding of the adoption process and the consequences of one's actions." *In re Adoption of Infant Girl Banda*, 53 Ohio App.3d 104, 108, 559 N.E.2d 1373 (10th Dist.1988). Moreover, "[t]he consent provisions of R.C. 3107.07(A) are to be strictly construed to protect the interests of the non-consenting parent." *In re Adoption of N.T.R.*, 10th Dist. Franklin No. 15AP-955, 2016-Ohio-3427, ¶ 12, citing *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 132,

8.

585 N.E.2d 418 (1992); *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, ¶ 6.

{¶ 18} The statutory conditions required for the court's acceptance of parental consent is set forth in R.C. 3107.081, which provides:

(A)  Except as provided in divisions (B), (E), and (F) of this section, a parent of a minor, who will be, if adopted, an adopted person as defined in section 3107.45 of the Revised Code, shall do all of the following as a condition of a court accepting the parent's consent to the minor's adoption:

(1) Appear personally before the court;

(2) Sign the component of the form prescribed under division (A)(1)(a) of section 3107.083 of the Revised Code;

(3) Check either the "yes" or "no" space provided on the component of the form prescribed under division (A)(1)(b) of section 3107.083 of the Revised Code and sign that component;

(4) If the parent is the mother, complete and sign the component of the form prescribed under division (A)(1)(c) of section 3107.083 of the Revised Code.

At the time the parent signs the components of the form prescribed under divisions (A)(1)(a), (b), and (c) of section 3107.083 of the Revised Code, the parent may sign, if the parent chooses to do so, the components

of the form prescribed under divisions (A)(1)(d), (e), and (f) of that section. After the parent signs the components required to be signed and any discretionary components the parent chooses to sign, the parent, or the attorney arranging the adoption, shall file the form and parent's consent with the court. The court or attorney shall give the parent a copy of the form and consent. The court and attorney shall keep a copy of the form and consent in the court and attorney's records of the adoption.

The court shall question the parent to determine that the parent understands the adoption process, the ramifications of consenting to the adoption, each component of the form prescribed under division (A)(1) of section 3107.083 of the Revised Code, and that the minor and adoptive parent may receive identifying information about the parent in accordance with section 3107.47 of the Revised Code unless the parent checks the "no" space provided on the component of the form prescribed under division (A)(1)(b) of section 3107.083 of the Revised Code or has a denial of release form filed with the department of health under section 3107.46 of the Revised Code. The court also shall question the parent to determine that the parent's consent to the adoption and any decisions the parent makes in filling out the form prescribed under division (A)(1) of section 3107.083 of the Revised Code are made voluntarily.

{¶ 19} Before granting an adoption, the trial court must hear evidence as to whether first, "the required consents have been obtained or excused" and second, whether "the adoption is in the best interest of the person sought to be adopted." *In re Adoption of Walters*, 112 Ohio St.3d 315, 2007-Ohio-7, 859 N.E.2d 545, ¶ 5; R.C. 3107.14(C). *See also In re Adoption of Fenimore*, 2d Dist. Montgomery No. 17902, 2000 WL 204389 (Jan. 28, 2000), *1. This evidence may be presented in separate hearings or jointly. *Walters* at ¶ 22.

{¶ 20} Reviewing Ohio case law involving parental consent, we find the Second Appellate District's analysis in *In re Adoption of Jimenez,* 136 Ohio App.3d 223, 736 N.E.2d 477 (2d Dist.1999), illustrative. In *Jimenez,* the natural mother was 18 and single at the time of the child's birth. She had considered adoption but changed her mind. After struggling to care for the child, appellant agreed to allow her aunt to care for the child on a temporary basis. *Id.* at 225.

{¶ 21} After a few weeks, appellant met with her aunt and uncle and their attorney to discuss a possible adoption. The parties agreed that the attorney informed appellant that if she signed the consent for placement, for a six month period she could change her mind. *Id.* at 226. After that time she would execute a consent for adoption. The attorney failed to explain that in addition withdrawing her consent, she would have to show that it was in the child's best interests to have the consent withdrawn. *Id.* The court further stated at a hearing that appellant's consent could only be withdrawn for good cause

11.

shown but did not explain what that meant. Shortly thereafter, appellant filed a motion to withdraw her consent; it was denied. *Id.*

{¶ 22} On appeal, the court first noted the attorney's "inaccurate and misleading" advice about appellant's ability to withdraw her consent. *Id.* at 228. The court stated that the magistrate then failed to explain what would be required in order for appellant to withdraw her consent. *Id.* Finally, the court emphasized that the magistrate did not "strictly comply" with the requirement in R.C. 3107.081(A)(4) that the magistrate "question [appellant] to determine her understanding of the adoption process and of the ramifications of her consent." *Id.* at 228-229. The court then reversed the probate court's denial of appellant's motion to withdraw her consent to adoption. *Id.* at 231. This case highlights the importance of the requirement that the court ascertain that the consenting parent understands the effect of the consent.

{¶ 23} Appellants further contend that they have a meritorious defense because appellee could not have withdrawn his consent to adoption absent a showing of duress or fraud. In the trial court's judgment entry denying appellants' Civ.R. 60(B) motion, it specifically stated that its "rulings were not based on the merit of any information filed within the Motion to Contest the Adoption," but that it vacated the adoption order because, as in *Jimenez,* the court failed to address appellee to determine that he understood the nature of the adoption proceedings and the effect of his consent. Thus, we reject this argument.

12.

{¶ 24} Appellants assert that they have a meritorious claim in that the court should have granted them relief from judgment and allowed them to amend their petition for adoption to assert that consent for adoption was not required because appellee failed to provide maintenance and support for a least one year prior to the filing of the adoption petition under R.C. 3107.07(A).

{¶ 25} We find this alternative argument untenable. The court clearly indicated in its December 17, 2018 judgment entry, approximately one month after it vacated the adoption, that the matter would be dismissed within seven days if no further action was taken. Further, in denying appellants' Civ.R. 60(B) motion the court stated:

> As no amended petition or request for hearing on consent was filed with the Court during the month since the filing of the order vacating the adoption, the Court did not see any reason to set a further status review. Instead, the Court issued a Judgment Entry dated December 17, 2018, advising the case would be dismissed for lack of prosecution in seven days from the date of the Judgment Entry unless further action was taken within that time.

{¶ 26} Appellants were clearly given the opportunity to file an amended petition prior to the dismissal of the action; thus, arguing that a claim that they did not assert in their petition for adoption entitles them to relief runs afoul of the intent of Civ.R. 60(B). Early on, appellants had full knowledge of whether consent of appellee was required.

13.

{¶ 27} We are mindful that appellants have cared for and bonded with the child however the court, based on appellants' petition for adoption which stated that consent of the father was necessary, was required to address appellee to confirm that his consent was informed prior to granting the petition. Due process protections apply to all parties to an adoption proceeding. Accordingly, we find that the trial court did not abuse its discretion when it denied appellants' Civ.R. 60(B) motion for relief from judgment. Appellants' assignment of error is not well-taken.

{¶ 28} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.