[Cite as *State v. Henderson*, 2020-Ohio-6847.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERICULO LAROSS HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0090**

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Paul Gains,* Prosecutor and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

Ericulo Laross Henderson (PRO SE), A672536, 5900 B.I.S. Road, Lancaster, Ohio 43130, for Defendant-Appellant.

Dated:

December 23, 2020

**PER CURIAM.**

**{¶1}** Defendant-appellant, Ericulo Henderson, has filed an application for reconsideration of our judgment denying his prior application for reconsideration as untimely.

**{¶2}** Our judgment in this case was filed on May 29, 2020. Appellant filed his first application on July 2, 2020. He filed his second, almost identical application, on August 6, 2020. Thus, the applications were technically untimely. See App.R. 26(A)(1)(a).

**{¶3}** However, on March 27, 2020, the Governor of Ohio signed into law Am.Sub.H.B. No. 197, which immediately tolled all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever was sooner. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. The Ohio Supreme Court determined that this tolling order applied to all filing deadlines within the applicable period. *Id.* Thus, we should not have denied appellant's application for reconsideration as being untimely.

**{¶4}** For that reason, we now address the merits of appellant's application for reconsideration.

**{¶5}** App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956

Case No. 18 MA 0090

(11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶6}** In his application for reconsideration, appellant argues that the trial court erred in merging his convictions on counts one and two and failing to merge his conviction on count three. He argues this court misinterpreted his argument. He contends the trial court erred in merging his conviction for felonious assault with his conviction for child endangering. He contends the trial court should have sentenced him separately on each of the two child endangerment convictions.

**{¶7}** After we affirmed his conviction, *State v. Henderson*, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-2816, reconsideration denied, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-3424, and appeal not allowed *State v. Laross-Henderson*, 153 Ohio St.3d 1497, 2018-Ohio-4092, 108 N.E.3d 1105, appellant filed a "Motion to Correct Void Judgment Pursuant to Criminal R 32.2," which the trial court denied. Appellant appealed the denial to this court. *State v. Henderson*, 7th Dist. Mahoning No. 18 MA 0090, 2020-Ohio-3164, ¶ 6. We affirmed the trial court's judgment. *Id.* Appellant then filed the subject application for reconsideration.

**{¶8}** On appeal, appellant argued that in his judgment entry of sentence, the trial court should have, and failed to, sentence him on each individual charge. He claimed this was in violation of Crim.R. 32(C) and because the trial court failed to individually sentence him on each count, his sentencing judgment was void. *Henderson*, 2020-Ohio-3164, ¶ 10. We addressed his argument in detail. *Id.* at ¶ 10-15.

**{¶9}** In his application for reconsideration, appellant simply disagrees with the conclusions reached by this court. He also raises additional arguments as to merger, which are barred by the doctrine of res judicata as they should have been raised in his direct appeal. *State v. Amos*, 7th Dist. Belmont No. 19 BE 0003, 2019-Ohio-3651.

**{¶10}** In sum, after consideration of appellant's application for reconsideration, the application is denied. Costs to be taxed against Appellant.

Case No. 18 MA 0090

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**