[Cite as *Yost v. McNea*, 2021-Ohio-2145.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Melissa Yost, et al.                                    Court of Appeals No. E-20-014

      Appellants                               Trial Court No. 2019 CV 0643

v.

Gina McNea                                             **DECISION AND JUDGMENT**

      Appellee                                 Decided: June 25, 2021

* * * * *

Sean Buchanan, for appellants.

Holly Marie Wilson, Aaren R. Host, and Justin D. Harris, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, General Division, which denied plaintiffs-appellants' motion for relief from judgment. For the reasons set forth below, this court reverses, in part, and affirms, in part, the judgment of the trial court.

## I. Background

{¶ 2} Prior to this litigation, the parties were involved in appellants' unsuccessful petition to adopt a child. Husband and wife appellants, R.Y. and M.Y., petitioned the Erie County probate court to adopt a child, and they retained appellee to represent them. Ultimately, on July 31, 2019, the probate court denied the adoption petition and denied appellants' subsequent motion for relief from judgment pursuant to Civ.R. 60(B). On March 6, 2020, this court affirmed the probate court's decisions. *In re Adoption of R.Y.*, 6th Dist. Erie No. E-19-046, 2020-Ohio-837.

{¶ 3} Meanwhile, on November 25, 2019, appellants filed a complaint in the general division alleging legal malpractice by defendant-appellee, Gina McNea. Appellants alleged that due to appellee's negligent legal representation during the course of the adoption proceedings, they suffered monetary and emotional damages from the failed adoption of the child and from the attempts to remedy appellee's negligence.

{¶ 4} Appellee answered the complaint by generally denying the allegations, and on February 25, 2020, filed a motion for judgment on the pleadings. Appellee argued that in its July 31, 2019 judgment entry, the probate court acknowledged the cause for the failed adoption proceeding was the failure to comply with R.C. 3107.081, and res judicata applied. The certificate of service attached to the motion stated that on the same day a copy of the motion was sent electronically to appellants' attorney. On March 27, the trial court granted appellee's motion in a brief decision that reads in its entirety, "For good cause being shown, Defendant Gina McNea's Motion for Judgment on the

2.

Pleadings is hereby granted." The trial court's certificate of service of its decision stated that only one of appellee's two attorneys was served electronically, and appellants' attorney was not served.

{¶ 5} On April 9, appellants' attorney contacted both of appellee's attorneys to schedule appellee's deposition and only then learned of appellee's dispositive motion and of the trial court's judgment entry granting the motion. Then on April 17, as amended, appellants filed a motion for relief from judgment and for filing instanter their opposition to appellee's February 25 motion for judgment on the pleadings. Appellants argued they were entitled to relief from the trial court's dismissal pursuant to Civ.R. 60(A) and 60(B)(1) and (5) and Loc.R. 22.3(D)(5). Appellants' attorney averred by affidavit that he never received electronically or by U.S. mail a copy of appellee's February 25 motion for judgment on the pleadings. He also averred never receiving electronically the trial court's March 27 order or its separately issued certificate of service. Appellee opposed the motion arguing that appellants' attorney received proper service under the civil rules.

{¶ 6} On July 27, the trial court denied appellants' motion for relief from judgment without a hearing. The trial court found the record showed appellants were served appellee's motion for judgment on the pleadings twice: electronically and by U.S. mail. The trial court found the electronic filings were deemed properly served under the local rules:

> Under Local Rule 23.3(D)(2) [sic], an electronic filing authorized by the Court constitutes service pursuant to Civil Rule 5. In addition, Local

3.

Rule 22.2 provides that the e-filing system "must be used to receive electronically filed pleadings, orders, and other documents in an assigned case." Accordingly, [appellants'] counsel was under a duty to be aware of the requirement to receive documents under the Erie County e-filing system and failed to do so. Thus, [appellants] were properly served, and their failure to respond does not constitute excusable neglect as matter of law. [Appellants'] argument is not well taken.

{¶ 7} The trial court further found that when a party fails to respond to properly served pleadings, there is no excusable neglect. The trial court determined the doctrine of collateral estoppel barred appellants' assertion of a meritorious claim for the underlying litigation because the probate court "established that its failure to obtain the consent of the biological father, not any failure on the part of [appellee], was the sole cause of [appellants'] stated damages." Finally, the trial court found that Section G of the March 27, 2020 Ohio Supreme Court tolling order deferred to the local rules of civil procedure, of which the trial court said, "At no point did this Court authorize any deviation from the Civil Rules. At no time did [appellants'] counsel inform this Court of any Covid-19 related concerns. Further, no Covid-19 concerns are even remotely implicated in relation to [appellants] responding to [appellee's] motion."

{¶ 8} Appellants then filed this appeal setting forth two assignments of error:

1. The Court erred by not granting the motion for relief from judgment.

4.

2. The Court erred by issuing a ruling during a case that was stayed by the Ohio Supreme Court's Covid Tolling Order.

## II. **Relief From Judgment**

{¶ 9} In support of their first assignment of error, appellants argue the trial court abused its discretion by denying their motion for relief from judgment because they have a meritorious claim and because of excusable neglect since they never received notice of appellee's motion for judgment on the pleadings nor notice of the trial court's decision on that motion, as well as the certificate of service for that decision. In response, appellee argues there was no excusable neglect because appellants received notice in accordance with the local rules.

## A. **Standard of Review**

{¶ 10} Appellate review of a trial court's decision on a motion for relief from judgment under Civ.R. 60(B) is for an abuse of discretion. *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, ¶ 7, citing *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 21. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 11} To prevail under Civ.R. 60(B), appellants are required to demonstrate operative facts supporting each of three elements: first, a meritorious claim or defense in

the event relief is granted, second, entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and third, timeliness of the motion. *In re Adoption of R.Y.*, 6th Dist. Erie No. E-19-046, 2020-Ohio-837, at ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *State ex rel. Jackson* at ¶ 18. If appellants fail on any element, then their Civ.R. 60(B) motion fails. *In re Adoption of R.Y.* at ¶ 11, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *GTE Automatic* at 150-51 ("these requirements are independent and in the conjuctive, not the disjunctive").

{¶ 12} The third element, the timeliness of appellants' motion for relief from judgment, is not in dispute in this case.

{¶ 13} In reviewing the remaining elements of a motion for relief from judgment, we are mindful that Civ.R. 60(B) is a remedial rule to be liberally construed while striking a proper balance between the principles that litigation must be brought to and end and that justice should be done. *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 68, 479 N.E.2d 879 (1985). "Each case must be decided on its own particular facts." *Risner v. Cyclone Services, Inc.*, 6th Dist. Sandusky No. S-19-037, 2019-Ohio-5279, ¶ 17.

## B. Entitlement to Relief - Excusable Neglect

{¶ 14} Appellants argue they satisfied the second element under Civ.R. 60(B) because there was excusable neglect beyond their control and not of their doing due

6.

to the service of process problems with appellee's February 25 motion and with the trial court's March 27 decision on that motion.

{¶ 15} Civ.R. 60(B)(1) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * mistake, inadvertence, surprise or excusable neglect." *In re Adoption of R.Y.* at ¶ 12.

{¶ 16} The Ohio Supreme Court guides us that attorney conduct "is inexcusable if it can be labeled a complete disregard for the judicial system *or* if the conduct falls substantially below what was reasonable under the circumstances." (Emphasis sic.) *State ex rel. Jackson* at ¶ 25. "To determine whether neglect is excusable or inexcusable, a court must consider all the surrounding facts and circumstances." *Id.* at ¶ 19. This court recognizes that attorney conduct may be excused where the record reflects unusual or special circumstances that justify the neglect by the attorney. *Risner* at ¶ 21; *Natl. Collegiate Student Loan Tr. 2003-1 v. Beverly*, 6th Dist. Huron No. H-13-010, 2014-Ohio-4346, ¶ 44.

> The party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice.

7.

*State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 286, 725 N.E.2d 639, (2000). If the party sustains its burden of proof, the effect is the party is not deemed to have received notice. *Id.* at 287.

### 1. Circumstances Beyond Appellants' Attorney's Control

{¶ 17} To prove this first element, appellants point to appellee's certificate of service for the February 25, 2020 motion for judgment on the pleadings that specified appellants' attorney was served electronically, not by U.S. mail. Appellants argue their attorney was mistakenly deleted from the Erie County Clerk of Courts e-Filing system four days earlier, on February 21, when the Clerk's office shut down to begin the changeover to a new e-Filing system for civil cases. Appellants' attorney averred in the record that he received neither an electronic copy of the motion nor a copy in the U.S. mail from either of appellee's attorneys. Appellants' attorney also averred in the record that he did not receive an electronic copy of the trial court's March 27 decision from the Erie County Clerk of Courts electronic delivery system, as evidenced by the trial court's own certificate of service.

{¶ 18} Pursuant to Civ.R. 5(A), every court order and every written motion shall be served on each party. Appellants' attorney was entitled to be served a copy of appellee's dispositive motion. Civ.R. 5(B)(1). Appellants' attorney averred that he was properly registered with the Erie County Clerk of Courts e-Filing system and had been receiving electronic notices prior to the e-Filing system changeover starting on February 21. Appellee does not rebut these facts.

8.

{¶ 19} Relevant to this assignment of error is Civ.R. 5(B)(2)(f), which states, a "document is served under this rule by * * * sending it by electronic means to * * * [an] e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served." On April 9, 2020, appellee's attorneys learned that the February 25 motion did not reach appellants' attorney while they were communicating by email. It is undisputed the email address for appellants' attorney was the same prior to and subsequent to the e-Filing system changeover. Despite that knowledge, there is no indication in the record that appellee's attorneys again attempted electronic service to appellants' attorney. Nor is there evidence of an amended certificate of electronic service by appellee. By April 17, appellants filed their motion for relief from judgment, which also notified the trial court that its March 27 decision did not reach appellants' attorney. Despite that knowledge, there is no indication in the record that the trial court again attempted electronic service to appellants' attorney, nor is there evidence of an amended certificate of electronic service.

{¶ 20} Appellants' attorney averred in the record that he also did not receive a copy of appellee's February 25 motion by the U.S. mail and pointed to the absence of that method in appellee's own certificate of service. Appellee opposed appellants' attorney affidavit by attaching a cover letter dated February 25, 2020 electronically signed by one of appellee's attorneys. The cover letter is addressed to appellants' attorney stating, "SENT VIA REGULAR U.S. MAIL." However, pursuant to Civ.R. 5(B)(4) and Loc.R.

9.

22.3(D)(3), infra, appellee was required to specify service by U.S. mail under Civ.R. 5(B)(2)(c). In particular, Civ.R. 5(B)(4) states, "Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Appellee has not amended the certificate of service in the record to reflect service by U.S. mail, and the trial court may not consider appellee's motion as if it was served by U.S. mail, particularly in light of appellants' attorney's affidavit of nonservice. Civ.R. 5(B)(4); *see CitiMortgage, Inc. v. Bumphus*, 6th Dist. No. E-10-066, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 34.

{¶ 21} Compliance with the civil rules of procedure is mandatory. *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 23. "[T]he Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." *Id.* "Proper service under the civil rules is mandatory even if a party represented by counsel might otherwise learn of the action taken by the court." *Parallel Homes, L.L.C. v. Stephens*, 1st Dist. Hamilton No. C-130292, 2014-Ohio-840, ¶ 13.

{¶ 22} Generally, service of process that is reasonably calculated to reach the interested parties is "constitutionally sound." *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). The presumption of proper service in cases where the civil rules regarding service are followed is rebuttable. *Kapszukiewicz v. Samuel*, 6th Dist. Lucas No. L-06-1206, 2007-Ohio-2152, ¶ 14. The complaining party bears the burden of rebutting the presumption. *Id.* at ¶ 15.

10.

{¶ 23} The issue before us is the effect of appellants' attorney's uncontroverted affidavit, which indicates that he was not actually served, even though the civil rules regarding service appear to be complied with. *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 125, 601 N.E.2d 138, 144 (6th Dist.1991). Although appellee opposed appellants' motion for relief from judgment, appellee did not provide any evidence to contradict the facts in appellants' attorney's affidavit other than to point to the local rules that support a presumption of service and impose a duty on a registered e-Filing system user for the security and use of the user's unique identifier. The security and use of appellants' attorney's unique e-Filing system identifier is not at issue in this appeal.

{¶ 24} This court has found an uncontroverted affidavit by the complaining party of nonservice to be sufficient evidence to rebut the presumption of service. *Id.* at 124-125; *Cavalry Invest., L.L.C. v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 13. Where the record is devoid of such evidence of nonservice, we have preferred the trial court hold a hearing in order to allow the judge to assess the competency and credibility of the evidence regarding nonservice that rebuts the presumption of service. *Christy L.W. v. Chazarea E.S.*, 6th Dist. Ottawa No. OT-02-019, 2003-Ohio-483, ¶ 13-14. We find the record is not devoid of evidence of nonservice and contains sufficient evidence by appellants' attorney's affidavit to rebut the presumption of service.

{¶ 25} "It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477

11.

N.E.2d 1212 (8th Dist.1984), citing *Hayes v. Kentucky Joint Stock Land Bank of Lexington*, 125 Ohio St. 359, 365, 181 N.E. 542 (1932) ("The trial court could not wholly disregard her uncontradicted testimony. Neither could it draw inferences directly contrary to her affirmative statements.").

{¶ 26} We reviewed the record and find the trial court erred by disregarding the uncontroverted affidavit by appellants' attorney that he did not receive service of both appellee's February 25 motion and of the trial court's March 27 decision. We find that appellants' attorney provided sufficient evidence of circumstances beyond his control to successfully rebut the presumption of service.

### 2. Not Due To Appellants' Attorney's Fault Or Neglect

{¶ 27} To prove this second element, appellants point to his uncontroverted affidavit that he had successfully registered with the Erie County Clerk of Court's e-Filing system prior to the court's e-Filing system changeover starting on February 21 when, without notice to him, he was removed from the system and only learned of the error on April 9 when he contacted appellee's attorneys by email to schedule a deposition. It is undisputed the email registered by appellants' attorney's had not changed after the e-Filing system changeover, and appellee's attorneys and the trial court had that email address all along.

{¶ 28} The record shows that appellee validly relied on the Erie County Clerk of Court's e-Filing system pursuant to Civ.R. 5(B)(3). Appellee insists appellants were properly served electronically pursuant to Loc.R. 23.3(D)(2) [sic] and Civ.R.5. However,

12.

the record shows that the failure of the Court's e-Filing system to deliver a notice to appellants' attorney on February 25 was not due to his failure to register or because his registered email address was no longer working.

{¶ 29} The Erie County Clerk of Courts does not make all of its local civil rules available online, but it does specifically make available the local rules for e-Filing in civil cases, Local Rule 22, of which we make judicial notice pursuant to Civ.R. 44.1(A)(2).

{¶ 30} Loc.R. 22.1(G) defines "Electronic Filing (e-Filing)" as the "electronic transmission, acceptance, and processing of a filing. The definition of [e-Filing] does not include facsimiles or emails."

{¶ 31} Loc.R. 22.2(A) mandates that all civil cases must be filed electronically, and Loc.R. 22.2(D) states, "In e[e-File] cases, the court shall * * * serve notices, orders and other documents electronically. Service of orders, notices[,] assignments of hearing by the Court will be done electronically, and counsel are deemed served thereby." Loc.R. 22.3(E) states:

> Confidential and Unique Electronic Identifier: The Court's authorized [e-Filing] system shall assign the party's designated representatives/s (sic) a confidential and unique electronic identifier that must be used to file, serve, receive, * * * electronically filed pleadings, orders, and other documents filed in the assigned case. Each person to whim a unique identifier has been approved shall be responsible for the security and use of such identification. All documents filed electronically

will be deemed to be made with the authorizations of the party who is assigned to the specific unique electronic identifier.

Loc.R. 22.2(K) states, "In [e-Filing] cases, counsel is still expected to comply with the Civil Rules regarding service upon opposing parties/counsel. (i.e., Include certificates of service on all pleadings, motions, etc. after the Complaint.)"

{¶ 32} Loc.R. 22.3(D)(2) to (5) addresses documents subsequent to the complaint requiring service or notice, and states:

2. For documents filed electronically after the Initial Complaint, the system will generate a Notification of Electronic Filing to designated counsel of filing parties, and any other party who is a registered user of the electronic filing system. The Notification of Electronic Filing via the Court[']s authorized electronic filing system shall constitute service pursuant to Civil Rule 5.

3. Certificate of Service: A certificate of service on all parties entitled to service shall still be required when a party files a documents electronically. The certificate must state the manner in which service was accomplished pursuant to Civ.R. 5(B)(2). The certificates of service shall be in accordance with Civ.R. 5(B)(3).

4. Service on Parties and Time Calculation: E-service is deemed complete at the time a document has been received by the Courts' authorized electronic filing system as reflected by the authorized date and

14.

time appearing on the electronic transmittal.  Effective with the commencement date of electronic filing, any period of time to respond to the served document or perform any right, duty, or act is strictly governed by the applicable rules of Court.  Parties served electronically are entitled to the same three (3) day extension of time to respond as if this had been served by mail.  For the purpose of computing time to respond to documents received via eService, any document served after 4:00 p.m. Eastern Standard/Eastern Daylight Time shall be deemed served on the next day that is not a Saturday, Sunday or legal holiday.

5. Failure of Electronic Service:  If electronic service on a party/their designated counsel does not occur, the party to be served may be entitled to an order extending the date for any response or the period within which any right, duty, or act must be performed.

{¶ 33} Based on the foregoing local rules, we find both parties complied with the local rules for electronic service, but appellee had the responsibility to ensure service of her motion on appellants' attorney after being notified of the failed service.  It stands to reason that both parties, as registered users of the e-Filing system, received the same notice from the Erie County Clerk of Courts that the e-Filing system changeover would start February 21, 2020.  Appellee does not offer evidence in the record contradicting appellants' attorney's assertion of the silence in the clerk of courts notice that the e-Filing system changeover "would or could result in registered attorneys being deleted from the

system, or that I would have to re-register to utilize and receive notices from the new system."

{¶ 34} This court recognizes an attorney's duty, in general, to stay informed as to the progress of the attorney's cases. *Montgomery v. Tenneco Automotive Operating, Inc.*, 183 Ohio App.3d 164, 2009-Ohio-3394, 916 N.E.2d 530, ¶ 11 (6th Dist.). However, appellants point to the lack of notice originating from the trial court's own e-Filing system, which removed their attorney from the system without his fault or negligence. "Although counsel's mistake or neglect will be imputed to appellant, the error herein occurred between the counsel and the court, exactly the type of situation which deserves a Civ.R. 60(B) analysis to determine excusability of counsel's action." *Moore*, 18 Ohio St.3d at 68, 479 N.E.2d 879. The error between appellants' attorney and the trial court affected not only appellee's February 25 motion, but also the trial court's March 27 decision on that dispositive motion. "[T]he failure of the trial court to serve notice of its final appealable order on the plaintiff or her attorney, whose names and addresses were known, frustrates the purpose of law and justice." *Swander Ditch Landowners' Ass'n v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 133, 554 N.E.2d 1324 (1990).

{¶ 35} We reviewed the record and find the trial court erred by disregarding the uncontroverted affidavit by appellants' attorney that he did not receive service of both appellee's February 25 motion and of the trial court's March 27 decision. We find that

16.

appellants' attorney provided sufficient evidence that the failure of service was not from his fault or neglect to successfully rebut the presumption of service.

### 3. No Prior Actual Knowledge Of The Dispositive Motion

{¶ 36} To prove this third element, appellants point to his uncontroverted affidavit that he first learned on April 9 about appellee's February 25 motion for judgment on the pleadings and about the trial court's March 27 decision on that dispositive motion. Appellants then promptly filed their motion for relief from judgment, which the trial court denied.

{¶ 37} We reviewed the record and find the trial court erred by disregarding the uncontroverted affidavit by appellants' attorney. We find that appellants' attorney provided sufficient evidence that he had no knowledge prior to April 9 of appellee's dispositive motion and of the trial court's decision to successfully rebut the presumption of service.

{¶ 38} Having found appellants met their burden to prove failure to receive notices of appellee's motion for judgment on the pleadings and of the trial court's decision, and after reviewing all of the relevant facts and circumstances, we find that appellants met their burden of proof for excusable neglect. Appellants' attorney conduct could not be labeled either a complete disregard for the judicial system or conduct that fell substantially below what was reasonable under the circumstances. We find the trial court abused its discretion when it determined appellants failed to establish the second element for their Civ.R. 60(B) motion.

17.

### C. Meritorious Claim or Defense

{¶ 39} Appellants argue they satisfied the first element under Civ.R. 60(B) by showing they have a meritorious claim in the event relief is granted. Appellants argue R.C. 3107.081 "does not require that in order to obtain appropriate adoption consent, the probate court is to question the parent to determine that he/she understands the adoption process, the ramifications of consenting to the adoption, etc." They argue that regardless of the probate judge's acknowledgment of the statutory responsibility to conduct the questioning of the biological father during the underlying adoption proceeding, that acknowledgment "did not absolve [appellee] from her duties and responsibilities to her clients – nor insulate her from liability if she breaches same." Appellants argue appellee had a duty to correct the probate court's mistake when the court failed to question the biological father for his consent to appellants' petition for adoption of the child.

{¶ 40} Appellee argues that it was the probate court's duty, not hers, under R.C. 3107.081. *In re Adoption of R.Y.*, 6th Dist. Erie No. E-19-046, 2020-Ohio-837, at ¶ 22.

{¶ 41} "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious [claim or] defense, not to prove that he will prevail on that [claim or] defense." *Rose Chevrolet,* 36 Ohio St.3d at 20, 520 N.E.2d 564, citing *Moore*, 18 Ohio St.3d at 67, 479 N.E.2d 879. "The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Id.* at 21.

{¶ 42} The trial court did not find appellants had a meritorious claim pursuant to res judicata, which bars a party from filing successive motions based on the same

18.

grounds and facts. *State ex rel. Richard*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, at ¶ 8, citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 17, 448 N.E.2d 809 (1983). The trial court's July 27, 2020 judgment entry states:

> A claim for legal malpractice requires proof of the following elements: (1) that the attorney owed a duty or obligation to the plaintiff; (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and (3) that there is causal connection between the conduct complained of and the resulting damage or loss. [*Woodrow v. Heintschel*, 6th Dist. No. L-10-1206, 194 Ohio App.3d 391, 2011-Ohio-1840, 956 N.E.2d 855, ¶ 17.] The failure to establish any one of these elements is fatal to [appellants'] claims. *Id.* In *Woodrow*, this District explicitly recognized that collateral estoppel may be applied to preclude the litigation of the causation element in a legal malpractice case. This Court finds *Woodrow* instructive.
>
> [Appellants] have brought a claim against [appellee] based on the allegation that [appellee] failed to obtain consent from the biological father in support of [appellants'] adoption petition. In the Probate Court's July 21, 2019 Judgment Entry, however, the Probate Court found no fault in [appellee's] actions, instead recognizing that inquiring as to the consent of the biological father was a function of the court pursuant to R.C. 3107.081. In finding that "the consent of the biological father * * * may have been

accepted by this Court in error" the court sua sponte vacated the adoption. *Id.* Thus, the Probate Court established that its failure to obtain the consent of the biological father, not any failure on the part of [appellee], was the sole cause of [appellants'] stated damages. Given the Probate Court's findings, no subsequent action by [appellee] could have changed this outcome. The issue of causation has been fully, fairly, and necessarily determined by the Probate Court, and [appellants'] claims are accordingly barred by the doctrine of collateral estoppel.

{¶ 43} Based on the foregoing, we find that appellants failed to meet the first element of their motion for relief from judgment, and their Civ.R. 60(B) motion must fail.

{¶ 44} We must address the effect of the failed service on appellants' attorney in light of this assignment of error. Based on our determination that appellants sustained their burden of rebutting the presumption of service in the first assignment of error, the effect is that appellants are not deemed to have received notice, and the time for appellants' response to appellee's motion has technically not yet run. As a result, we find the trial court's July 27 decision was issued prior to the expiration of the period for appellants' response to appellee's motion. Nevertheless, we do not find the trial court abused its discretion by issuing its decision because regardless of the time allowed for appellants' response, res judicata bars them from succeeding with a meritorious claim under Civ.R. 60(B).

20.

{¶ 45} We reviewed the entire record and do not find the trial court's attitude was unreasonable, arbitrary or unconscionable when it determined appellants failed to establish the first element for their Civ.R. 60(B) motion. We do not find the trial court abused its discretion when it denied appellants' motion for relief from judgment.

{¶ 46} Although appellants' first assignment of error is well-taken, in part, and not well-taken, in part, we affirm the trial court's judgment on appellants' Civ.R. 60(B) motion.

### III. COVID-19 Tolling Order

{¶ 47} In support of their second assignment of error, appellants argue that the trial court read the Ohio Supreme Court's Covid-19 Tolling Order backwards because the "clear meaning of the order was that cases were to be tolled, unless a court ordered otherwise" rather than "nothing would happen unless a court ordered something tolled."

{¶ 48} The Ohio Supreme Court tolling order cited by appellants was issued on March 27, 2020, in response to the Governor's state of emergency in Ohio due to the COVID-19 pandemic and Am.Sub.H.B. No. 197, which immediately tolled, retroactive to March 9, all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until, as we now know, July 30, 2020. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974.

{¶ 49} The Ohio Supreme Court tolling order "does not apply to deadlines set by court order." *O'Keeffe v. McClain*, 158 Ohio St.3d 1478, 2020-Ohio-1533, 143 N.E.3d

21.

513. The record shows that the Erie County Common Pleas Court did not issue any new orders in response to the COVID-19 pandemic. The trial court stated in its July 27, 2020 judgment entry, "At no point did this Court authorize any deviation from the Civil Rules. At no time did Plaintiffs' counsel inform this Court of any Covid-19 related concerns. Further, no Covid-19 concerns are even remotely implicated in relation to Plaintiffs responding to Defendant's Motion."

{¶ 50} The Ohio Supreme Court provides an explanation for the purpose of the tolling order: "to align the time requirements contained in Supreme Court-promulgated rules with statutory time requirements tolled by Am. Sub. H.B. 197" and "tolls only to those time requirements that are set to expire during the emergency period." Supreme Court of Ohio, Tolling Legislation and Court Orders/Frequently Asked Questions, https://www.supremecourt.ohio.gov/tolling/ (accessed May 14, 2021). The Ohio Supreme Court further explains, "Nothing in the legislation prohibits a party or a local court from voluntarily complying with a time requirement that applies to the party or the local court." *Id.*

{¶ 51} The Ohio Supreme Court further explains "[h]ow tolling applies is fact dependent" and provides "Example 1" that, while written for a defendant's answer, is demonstrative of the fact pattern before us if we assume appellee successfully served her motion for judgment on the pleadings on February 25. *Id.*

{¶ 52} Following Ohio Supreme Court guidance in "Example 1," we begin with appellee filing her motion for judgment on the pleadings on February 25, 2020, and

22.

certified it was served on appellants electronically. The record shows that appellee relied on the Erie County Clerk of Court's electronic delivery system pursuant to Civ.R. 5(B)(3). In the ordinary course, service was accomplished on that day. Civ.R. 5(B)(2)(f). Assuming valid electronic service and pursuant to Civ.R. 6(C), appellants' response to appellee's motion was due within 14 days after service of the motion, or until March 10, 2020. Civ.R. 12(A)(2). Appellants were also entitled to a three day extension of time to respond, or until March 13, 2020. Loc.R. 22.3(D)(4).

{¶ 53} The Ohio Supreme Court's tolling order was effective as of March 9 and continued through July 30 because the Governor's declaration of emergency did not end prior to July 30. The effect of the tolling period was that appellants' response to appellee's motion was not due until August 3, 2020, again assuming valid electronic service of the motion, which we determined was not the case. In that scenario, the trial court filed its decision on July 27, which was prior to the expiration of the tolling period.

{¶ 54} We find other Ohio courts of appeals have interpreted the Ohio Supreme Court's tolling order as we do. *State v. Hunt*, 5th Dist. Tuscarawas No. 2020 AP 09 0019, 2021-Ohio-528, ¶ 13; *State v. Henderson*, 7th Dist. Mahoning No. 18 MA 0090, 2020-Ohio-6847, ¶ 3; *State v. Howard*, 8th Dist. Cuyahoga No. 107467, 2020-Ohio-4739, ¶ 7-8; *J.J. v. Kilgore*, 10th Dist. Franklin No. 20AP-401, 2021-Ohio-928, ¶ 11.

{¶ 55} We reviewed the entire record and find the trial court's attitude was unreasonable, arbitrary or unconscionable when it denied appellants' motion for relief

23.

from judgment prior to the expiration of the Ohio Supreme Court's Covid-19 tolling period. We find the trial court abused its discretion.

{¶ 56} Appellants' second assignment of error is well-taken. However, in light of our decision on appellants' first assignment of error, we find no reversible error with their second assignment of error.

## IV. Conclusion

{¶ 57} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed, in part, and affirmed, in part. This court finds substantial justice has been done to appellants. Appellants and appellee are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE
Gene A. Zmuda, P.J. _____

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.